# FINNEY vs. TURNER.

1. In an action upon a note, it is not necessary for the plaintiff to explain an erased endorsement found upon the note. The defendant must prove the endorsement to have been made so as transfer the right to the note, to use it as a defence.

*Finney* vs. *Turner.*

2. A joint demand can not be set off against a separate debt.

3. One partner can not set off a debt against the partnership, before a settlement, against a separate demand of the other partner.

## ERROR to Carroll Circuit Court.

TURNER, *for the Appellant, insists*:

1. That the Court erred in overruling the motion to strike out a part of the notice to set off.
2. That the Court did not err in permitting the note to be read in evidence.
3. That the Court erred in admitting the evidence introduced by the defendant.
4. That the Court erred in not excluding the said evidence after it had been given.
5. That the Court erred in refusing the several instructions asked on behalf of the plaintiff and in giving those asked on behalf of the defendant.
6. That the Court erred in refusing to set aside the judgment of non-suit, and to grant the plaintiff a new trial.

ABELL *for the Appellee.*

The assignment on the note is evidence admissible, to show the plaintiff had no right to sue. Jeffries vs. Oliver, 5 Mo. Rep.

The evidence introduced by tne defendant, to sustain the plea of off set, was proper and legal, as well as that portion of it in relation to payment by the defendant, of another debt, for the payee of the note.

NAPTON, J., *delivered the opinion of the Court.*

This was a petition in debt on a note executed by Turner to one Major, and by Major assigned, without recourse, to the plaintiff, Finney. The defendant pleaded *nil debet,* and gave notice of a set off. In this notice it was alleged that the defendant, (Turner,) and the payee of the note, (Major,) were co-partners in the carpenter's trade, and that a debt was contracted by the firm, which Turner paid, one-half of which payment the defendant claims as set off. It was also stated that an account was due the firm of Turner & Hamner, by the said firm of Turner & Major, (the defendant being a member of each firm,) and this account, which had been transferred to Turner, was also sought to be used as a set off. The plaintiff moved to strike out so much of the set off as related to these two items, but the motion was overruled and an exception taken.

On the trial, after the plaintiff had read the note and assignment, the defendant proved by Hamner, a member of the firm of Turner & Hamner,

that previous to the assignment of the note sued on, the defendant and said Major were co-partners in the building of a certain house. That as such partners, they purchased and used in the building of said house a quantity of lumber, amounting in value to about $386, and that defendant paid for said lumber. The same witness proved that he and the defendant paid for said lumber. The same witness proved that he and the defendant were in co-partnership, and as such, had an account against Major for about fifty dollars, which account, previous to the assignment, had been transferred by the witness to the defendant. This testimony was objected to, but admitted by the Court.

The defendant then read in evidence an erased assignment of the note sued on, written on the back of said note, and bearing date previous to the assignment to the plaintiff. Across this endorsement black lines were drawn, but the writing remained legible. This was objected to, but permitted; and the Court expressed an opinion in accordance with instructions to that effect, submitted by the defendant, that after a note had been assigned, it could not be transferred back to the assignor by a mere cancellation of the endorsement, and if an erasure of an assignment appears on a note, it is incumbent on the holder to explain such°erasure in a suit on the note.

The plaintiff, in consequence of these opinions of the Court, took a non-suit, which he afterwards moved to set aside, and the motion to set aside being overruled, he took a bill of exceptions, and has appealed to this Court.

1. The first point in this case is the one presented by the instructions of the Court. Allowing the first proposition of the instruction to be correct, in the abstract, yet the latter part in relation to the burthen of proof, in case of an erased endorsement, is erroneous, and under the circumstances compelled the plaintiff to take a non-suit. The mere fact of an erased endorsement appearing on the face of the note, does not *per se* prove an actual assignment. There may have been no delivery, or the writing may have been the act of a stranger. The case of Davis vs. Christy, which may have been thought to authorize the doctrine acted on by the Circuit Court, was a case in which the defendant *proved* that the obligee of the bond had assigned it for a valuable consideration, by a writing endorsed on the bond; that the assignee, designing to transfer it again, instead of assigning it over to his intended vendee, took it to the obligee, and after cancelling the endorsement to himself, had it assigned directly to that vendee. The Court would not permit a recovery under such circumstances. In the present case the only proof offered of an

14

assignment was the production of the note, with an erased endorsement. No circumstances or facts calculated to throw any suspicion upon the instrument appeared, but upon this alone the Court gave the instructions complained of. The rule of law is, that every thing is presumed to be done rightly until the contrary be proved, and therefore this erasure of itself should not have raised a presumption unfavorable to the holder of the note.

2. In relation to the set offs offered and admitted, the first was an account due by Turner & Major, and the payment of this account by Turner alone. This payment, it is obvious, could not of itself create an indebtedness on the part of Major. A settlement of the partnership concerns could only show this, and this could not be ascertained in the present action.

3. The second item of set off, was an open account of Turner & Hamner. Upon this it may be sufficient to observe that a joint demand is not permitted to be set off against a separate debt. Dale vs. Cook, 4 J. Ch. R. 11; Duncan vs. Lyon, 3 ib. 351; Brown vs. Thompson, 1 Cox N. J. R. 2. Our statutes of set off is similar to the British statutes of 2 Geo. 2 ch. 22 §13, and 8 Geo. 2 ch. 24 §5; and upon those enactments it has been uniformly held, that the debts must be mutual and due in the same right. If the case of Austin vs. Feland & Graves, 8 Mo. R. 309, be considered a departure from this rule, the reasons given for the deviation in that case from the construction of the British statute will be found to exclude the present case from any such relaxation from the ancient doctrine.

The other Judges concurring, the judgment of the Circuit Court is reversed, and the cause remanded.