## GODDARD v. CUNNINGHAM.

Where the name of the plaintiff in a suit commenced by attachment, is signed to the attachment bond, by the attorney who commenced the suit, it will be presumed in the appellate court, in the absence of any showing to the contrary, that it appeared to the district court that the attorney had authority to sign the name of his client to the bond.

Where a plaintiff is in possession of the note on which suit is brought, and is the payee therein, he will be presumed rightly in possession of it; and the assignment on the back of the note will be taken to have been erased by proper authority.

*Appeal from the Hardin District Court.*

MONDAY, OCTOBER 11.

Action on a promissory note, payable to the plaintiffs, commenced by attachment. The attachment bond was signed by the plaintiff, by their attorney, who brought the suit. The defendant moved to quash the attachment, on the grounds that the attachment bond was insufficient, and the plaintiffs had never signed the same; which motion was overruled. The defendant being in default for want of an answer, and a jury called to assess the damages, the plaintiff offered the note in evidence, upon the back of which was indorsed "Pay to the order of Henn, Williams & Co. Goddard, Green & Co.;" and over which indorsement a black line of ink was drawn. The defendant objected to the note going in evidence, for the reason that there was no explanation of said indorsement, and that said indorsement showed that the note was not the property of the plaintiffs. The objection was overruled, and the note admitted in evidence. Verdict for the plaintiffs, and judgment thereon. The defendant appeals, and assign for error the overruling the motion to quash the attachment, and the admission of the note in evidence.

*Eastman & Greer,* for the appellant.

*Williamson & Nourse*, for the appellee.

STOCKTON, J.—The motion to dissolve the attachment was properly overruled. In the absence of any showing to the contrary, it will be presumed that it appeared to the district court that the attorney had authority to sign the name of his client to the attachment bond.

. After judgment by default, the defendant may appear at the time of the assessment of damages, and cross-examine the plaintiff's witness, but for no other purpose. Code, section 1831. The plaintiff being in possession of the note sued on, and being the payee therein, will be presumed to be rightfully in possession of it, and the assignment on the back will be taken to . have been erased by due authority. *Gordon* v. *Pitt*, 3 Iowa, 390; *Cook & Owsley* v. *Walters*, 4 Ib., 72.

Judgment affirmed.