Sather & Church v. Rogers.

---

## SATHER & CHURCH v. ROGERS.

1. EVIDENCE: NOTICE OF PROTEST.  The certificate of protest of a promissory note, by a notary public, is *prima facie* evidence of notice to the maker and indorser only when it recites that such notice was given.

*Appeal from Dubuque City Court.*

SATURDAY, DECEMBER 24.

To establish the liability of Rogers as endorser of a prom-

issory note, plaintiff introduced the note and the certificate of a notary to the effect that it had been duly presented and was protested for *non-payment*. This being all the evidence, the defendant objected to its sufficiency, upon the ground that there was no proof of notice of the dishonor to the indorser. The objection was overruled and defendant appeals.

*W. T. Barker* for the appellant.

*Griffith & Knight* for the appellees.

WRIGHT, C. J.—Appellees concede that notice of the dishonor was necessary in order to bind the indorser. They claim that the notary's certificate was *prima facie* evidence of such notice, as well as the presentment for payment. And for this position they rely upon section 2414 of the Code, which provides that, "the usual protest by a notary public, without proof of his signature or notarial seal, is evidence of the dishonor *and notice* of a bill of exchange or promissory note."

The argument is that the usual protest of a notary, does not include the element of notice, but only of the presentation of the paper for acceptance or payment, and that it is such a protest, which our law makes evidence of *notice* to the indorser, as well as the presentation. We do not so understand this section.

The object of the statute was to make the certificate of the notary evidence without proof of his signature or seal. It is only evidence however of the matter therein stated. To make it evidence of what is not stated, and of that which is by no means implied from what is stated, would be an anomaly in legislation and the law of evidence. If the certificate should state that notice had been given, it would be competent evidence to prove the fact. And while it may be admitted that the ordinary form of protest, extends only to the fact of presentation, it is nevertheless true that in this country, it is usual for the notary to give notice of the dishonor, and to embody that fact in proper form, in his certificate.

It was in view of this custom, and not alone of the limited signification of the word *protest*, that the language quoted was used in the statute.

The statute makes the protest evidence just as the certificates of certain officers touching certain matters in their offices, or the duplicate receipt of the receiver of a land office, are by the same statute made evidence. In each case, however, it must be understood that the certificate, duplicate or protest is only *prima facie* evidence of the *facts contained therein*. Presentment for payment and notice of the dishonor are distinct acts, by no means necessarily performed by the same person, and the certificate that the one had been done, can not include proof of the other.

Judgment reversed.