Jones v. Berryhill.

## JONES v. BERRYHILL.

1. **Practice: INTERROGATORIES.** The action of the District Court in sustaining a motion to strike from the files certain interrogatories filed by the defendant, to be answered by the plaintiff, under section 2985 of the Revision, was held not erroneous where the interrogatories were not filed until the case was called for trial, and when the action had been pending for several months.

2. **Promissory note: ERASURE OF INDORSEMENT.** The holder of a promissory note has a right to erase a prior special indorsement thereon. Nor is it incumbent on him to explain such erasure before the note is admissible in evidence.

Jones v. Berryhill.

3. —— PROTEST: NOTARIAL CERTIFICATE. It is not necessary that a notary's certificate of protest should have annexed to it, or set out therein, the notices referred to in the certificate; nor that the certificate should in words formally refer to the seal.

4. Usury: REQUISITES OF. To constitute usury there must be a contract and intent to take, directly or indirectly, usurious interest. The incorporation into a note for a balance previously due on a contract, an additional sum as a compensation to the payee for his expenses and loss of time occasioned by the default of the maker in paying him the money as first agreed upon, was held not usurious.

5. Promissory note: GUARANTY IMPORTS CONSIDERATION. Under our statute, all contracts in writing signed by the party to be bound, import a consideration the same as sealed instruments; and this rule applies to an indorsement of a promissory note by a guarantor.

6. —— ACCOMMODATION GUARANTOR. A guarantor of a promissory note under our statute, for the accommodation of the holder, is liable the same as an accommodation indorser to a third person to whom the note has, in good faith and for a valuable consideration, been transferred, though, at the time of taking the note, such person had knowledge of the fact that such indorsement or guaranty was without consideration.

*Appeal from Johnson District Court.*

THURSDAY, JULY 23.

PATTERSON made his note in New York, dated April, 1866, due in six months, payable to Wesley Jones, or order, for $2,575, with interest at seven per cent. Downey and Buchanan, at the time, indorsed the same by writing their names on the back. Afterward, to wit, in June, 1866, the defendant, Berryhill, indorsed said note in this State in the same manner, and before its maturity it was duly transferred by the payee for value to the plaintiff, Samuel H. Jones.

The indorsement, by defendant, is admitted; but it is alleged to have been without consideration, for the accommodation of the payee, and to have been obtained by fraud; of all which plaintiff had notice, etc.

In an additional answer, defendant pleads usury as between the maker and the payee, and sets up that Wesley Jones still owns the note; that the plaintiff is a holder without consideration; that he took the same after due, fraudulently, etc. Trial and judgment for plaintiff, and defendant appeals.

*Clark & Haddock* and *James T. Lane* for the appellant.

1. The indorsement in blank by defendant, he not being a payee, indorsee, or assignee, is deemed a guaranty of the performance of the contract. Rev. 1860, § 1800.

2. A guarantor is entitled to take advantage of every defense which could be made by the principal debtor. 2 Am. Lead. Cases, 116. Guarantor's liability is measured by his principal's, unless he expressly assumes a different one. *Smith* v. *Rogers*, 14 Ind. 224. The principal contract must be valid. *Kimball* v. *Newall*, 7 Hill, 116. Guaranty of an illegal contract is void. *Swift* v. *Beers*, 3 Denio, 70.

3. Contracts, if void or illegal by the law of the place of the contract, are generally held void and illegal everywhere. Story on Notes, 154–5, § 134; Edwards on Bills, 177. And are to be deemed contracts of the place where they are made unless they are positively to be performed or paid elsewhere. Story on Notes, 174, § 146.

4. The note in suit is void for usury by the law of New York. Edwards on Bills, 351, 349, reciting N. Y. Statutes. And cannot be enforced in any other State. Id. p. 182.

5. Defendant's indorsement in blank is only a guaranty, and is void because there is no consideration for it. Edwards on Bills, 222, 224, 225. And even if there were a consideration it is not in writing, and is void under the statute of frauds. *Brewster* v. *Silence*, 4 Seld. (8 N. Y.) 207; *Curtis* v. *Brown*, 2 Comst. 225; *Hall* v. *Newcomb*,

7 Hill, 416; *Hall* v. *Farmer*, 5 Denio, 484; 14 Wend. 246; 21 N. Y. 412; 20 Barb. 298; 1 N. Y. 321; 25 Barb. 179, 625: 2 N. Y. 225; 28 Barb. 444; 4 Sandf. 31; 29 Barb. 486; 4 Pick. 885; 2 Bosw. 206; *Klein* v. *Currier*, 14 Ill. 237; *Camden* v. *McCoy*, 3 Scam. 437.

*Edmonds & Ransom* for the appellee.

(No brief found on file.)

WRIGHT, J. — The errors assigned, as far as possible or consistent with an intelligent understanding of the case, will be noticed in their order.

I. Those relating to the action of the court in sustaining plaintiff's motion, for a more specific statement of the fraud alleged in a certain clause of the answer, and sustaining a demurrer to other parts of said answer, need not be specifically noticed, as the same questions are substantially raised by the instructions. If this is not so as to the motion for a' more specific statement, then we only need remark, that the alleged error is not insisted on in argument, and the ruling was so manifestly correct, that it is useless to give it further attention, or to set out the clause in the answer struck at by the motion.

II. Defendant annexed to his answer certain interrogatories to be answered by the plaintiff, which, on plaintiff's motion, were struck from the files, and of this defendant complains. The bill of exceptions shows that this order was made because "the interrogatories were filed as the case was called for trial." When we consider that the plaintiff resided seventy-five or a hundred miles from the place of trial; that he was not present; that the petition had been on file some months; that to make the order claimed, would have worked a continuance; it will be seen at once, in view of the time the same were filed, that the court very properly refused to make the order asked by defendant. Then

1. PRACTICE: interrogatories.

again, the depositions of plaintiff and the payee (Wesley Jones), were on file and had been for some time, most conclusively and completely answering and meeting any and every matter covered by these interrogatories. See Rev. 2985, 2987, 2988, 3009; *State* v. *Tilghman*, 6 Iowa, 496; *Widner* v. *Hunt*, 4 id. 355; *Fulmer* v. *Same*, 22 id. 230, and cases there cited.

III. On the trial defendant objected to the introduction of the note in evidence and also of the notarial certificate

**2. PROMISSORY NOTE: erasure of indorsement.** of protest. It seems, that the payee indorsed the note in blank, and that plaintiff in sending it to New York for collection, wrote over this indorsement the words, "pay cashier Chemical National bank or order;" which latter words were erased when the note was offered in evidence. The objection is, that this erasure was not explained. And we ask why should it be? So far as defendant was concerned, plaintiff being the holder, and all the time the real owner, had a right to erase these words and insert his own name even at the time of trial. *Goddard* v. *Cunningham*, 6 Iowa, 400; *Pilmer* v. *Branch State Bank of Des Moines*, 19 id. 112.

As to the notary's certificate, the objections are quite numerous, it being claimed that there is no reference to

**3. —— protest: notarial certificate.** his seal; that notices referred to are not set out; that the word "Iowa" is inserted in different ink and by a different hand, without explanation; no seal impressed; does not show the State in which the officer is authorized to act, nor notice of demand and presentment; no stamp affixed, and that it does not appear to what post-office notice to defendant was mailed. Most of these objections are based upon mistakes of fact. The others are without warrant in law. The original is before us and shows a stamp; that the notary was an officer in and for the State of New York; there is

nothing to lead us (except by the merest suspicion) to believe that "Iowa" was not written at the same time and by the same person as the balance of the certificate; a seal is clearly impressed, as much so as will generally appear upon a paper which has been folded, transmitted by mail and much handled; states that notice was sent to defendant at Iowa City, Iowa, which is abundantly shown to have been his residence, and does show, by the strictest rules of the law merchant, notice of demand and non-payment. It was not necessary to annex the certificate or set out the notice sent to defendant, nor that the certificate should refer to the seal in words, or more than was done in this case. 1 Parsons, 644, 645; also, Rev. § 4037; *Hallett* v. *Chicago and N. W. R. R. Co.*, 22 Iowa, 259. The notary in brief, says, "*In testimonium veritates*," a form not unusual, and the certificate being followed with the name of the officer in his official character, with his seal of office, the objection cannot avail. And see further, as to notice, 2 Greenl. Ev. § 186; Rev. § 4011; Code, 1851, § 2414; *Sather* v. *Rogers*, 10 Iowa, 231.

IV. Next is the instruction on the subject of usury. Whether the law, as given by the court, is correct or incorrect, is, as applied to this case, of no kind of importance. The testimony falls so infinitely short of showing usury, that we might concede the error in the instruction relied upon by appellant, and still could not, for this reason, reverse the judgment.

4. USURY: requisites of.

The testimony of Patterson himself, who made the note, and testified at the instance of defendant, fails to show a usurious transaction. And when we come to the testimony of Wesley Jones, the payee, the case is stripped of even the semblance of usury. The facts were, that Jones had, before leaving Chicago for New York, sold to Patterson, who resided in the latter place, an interest in

certain silver mines or lodes in Montana Territory, for $5,000, and was to have his money upon his arrival. After waiting a month, paying his own expenses in New York, Patterson paid him $2,500, and each day promised the balance. After waiting still another month this note was given. Downey, Buchanan, Berryhill and others were interested with Jones in these mines. Patterson, not being able to raise the balance, at his own instance — without any request on the part of Jones, made this note for $2,575; he and Downey agreeing and saying, that the additional seventy-five dollars would in part compensate Jones for his time and expense in waiting. There was no intention to contract for usury. Indeed, Patterson was so clearly in default, that Jones could have refused to fulfill the agreement. The interest at seven per cent, for the time he had been kept out of his money, would have amounted to more than half the seventy-five dollars. And surely no one would say that the additional thirty dollars was an unreasonable compensation for his delay; and especially when it was put in at the maker's instance, and not as the result of any contract to pay so much as interest. It would be almost impossible to conceive of a case where there was a more complete absence of a corrupt agreement. There never was a contract, directly or indirectly, that Patterson was to give and Jones take or accept usurious interest. And where there is no evidence of this intent or of such an agreement, the jury would not be justified in finding usury. 2 Parson's N. & B. 405, 406, 407. And, therefore, though this as to defendant, should be treated as a New York contract — and though he could be heard to set up the defense of usury — the case upon this subject is so entirely barren of proof, that thus far the verdict is right, whatever may be said of the abstract correctness of the instructions given or refused by the court.

V. But one question remains, and that the material one. As already suggested, defendant, with Downey, Buchanan, Jones and others, were interested in certain silver mines. Jones owned one-fourth, and sold to Patterson one-half of said one-fourth. Downey and Buchanan indorsed this note at the time it was made in New York, in pursuance of the agreement between Jones and Patterson that it was to be so indorsed, if he took the note instead of the money. There is testimony tending to show that the parties understood and agreed at the time that Berryhill was also to indorse it, they claiming the right to agree for him, and that Jones would not accept the note without this agreement. But this claim is not very well sustained. There is no testimony that defendant authorized any one to so agree. He was then in Iowa. Jones soon returned to this State; was owing plaintiff, who resided in Burlington, a large amount, who agreed to take this note if defendant would indorse it. He (Wesley Jones, the payee) thereupon visited Iowa City, where defendant resided, presented the note, and defendant indorsed the same. Jones testifies that Downey was present; that defendant asked if he had to sign it, and Downey told him yes, and defendant said all right, and at once wrote his name. Defendant, on the other hand, says, that he "indorsed it to get rid of his (Jones') importunities, and to make him feel better satisfied as he was a member of our company."

<span style="margin-left:2em">5. Promissory note: guaranty imports consideration.</span>

The indorsement by defendant was some two months after the note was made in New York, and there was no consideration paid him therefor, nor any new consideration running from or to any person. Plaintiff took the note for value before maturity. Upon this state of the evidence the court instructed the jury, that if Wesley Jones, after he received the note and while it was in his

Jones v. Berryhill.

possession as his property, procured the defendant without consideration, to indorse it for his (W. J.'s) accommodation and the payee afterward indorsed it to plaintiff, *without a valuable consideration therefor*, then defendant is not liable, and they should so find.

If, on the other hand, the payee procured the indorsement without consideration for his, the payee's, accommodation, and then afterward, before its maturity, indorsed it to plaintiff *for value*, without fraud on plaintiff's part, defendant would be liable, though plaintiff knew his indorsement was procured without consideration.

It is objected that these instructions, and especially the latter, do not contain the law. The argument is that by our statute defendant, not being a payee, indorsee or assignee of this note, was by his blank indorsement but a *guarantor* of the performance of the contract (Rev. § 1800), and that his promise is therefore void for want of consideration. It is also claimed that if there was a consideration it is not so expressed in writing, and is therefore void under the statute of frauds. Or, as one of the counsel state it, the defendant may defeat the recovery by showing affirmatively that there was no new or independent consideration for the indorsement, that the guaranty must have been upon a new and express consideration, and that forbearance merely without a contract therefor is not sufficient.

The question under the statute of frauds, or the necessity of having the consideration expressed in writing, may be disposed of in a few words. By our statute all contracts in writing signed by the party to be bound, import a consideration in the same manner as sealed instruments formerly did. Rev. § 1824. *Linder* v. *Lake*, 6 Iowa, 164; *Towsley* v. *Olds*, 6 id. 526; *Henderson* v. *Booth*, 11 id. 212. And this applies to an indorsement by a guarantor. *Veach* v. *Thompson*, 15 id. 380. The cases in New York

cited by appellant which hold that the *consideration* must be expressed in writing, are based upon the statute (2 Rev. Stat. 135, § 2, subdiv. 2). See *Packer* v. *Wilson*, 15 Wend. 343; 2 Par. N. & B. 128.

But the material question is, whether, the want of consideration for the indorsement being affirmatively shown, plaintiff's action can be defeated, if he took the note for value before due, without fraud, though he knew of such want of consideration, the indorsement being made for the payee's accommodation.

As between the immediate parties, it is not denied, that, as a guaranty is an independent contract, it must be made or founded upon a sufficient consideration. The consideration may be the same as that for which the bill or note is given, and where the making and guaranty are simultaneous, this will be presumed. If made, however, after the original consideration (so to speak) is exhausted, it is admitted that there must be a new and sufficient consideration. 2 Par. 125, 126. Without such consideration, the person to whom the promise or guaranty is given could not recover. And hence, as applied to this case, Wesley Jones could not recover. Neither could he, if defendant was an *indorser*, and liable as such by the commercial law, if the indorsement was *for his accommodation*. But he would be to a third person, though such third person knew that it was given for the accommodation of the holder, and hence without consideration, and this upon the principle *that the consideration running from the plaintiff to Wesley Jones*, in the case supposed, on the credit of defendant's indorsement, would charge both the payee and indorser. *Yeaton* v. *Bank of Alexandria*, 5 Cranch, 49. In other words, the general rule is, that, if a party takes paper, knowing that it is open to the defense of a want of consideration against the original payee, the defendant may interpose such de-

Jones v. Berryhill.

fense as effectually as though the note or paper had not been transferred. An exception to this rule, however, is found in the case of accommodation paper. The indorser, in such a case, intends to lend his credit to one who pays nothing. In the hands of the one thus accommodated, the defense of a want of consideration is perfect. In the hands of a third person, *even with full knowledge of the want of consideration*, who purchases in good faith, for value, the defense no longer obtains, for he bought and took it upon the faith of the credit thus loaned. And, without this exception, or rule rather, accommodation paper would be of little use in the commercial world. 1 Par. N. & B. 183, 184.

Is the same true as to a guarantor for the holder's accommodation? It would seem that the reason of the rule applied in one case as clearly as in the other. The thought that he is not to be treated as an ordinary commercial indorser, and that because of the difference in the nature of his obligation, he is to be let into the defense when an indorser would not be, is entirely untenable. For, though the indorsee in the case of an accommodation indorsement·knew of the want of consideration, he can still recover against the indorser. And yet, as we have seen, he could not recover, under other circumstances, having such knowledge. As to accommodation paper it seems therefore that knowledge or want of knowledge as to the consideration on the part of the indorsee makes no difference as to his rights. And this is just as true as to an accommodation guarantor. In both cases the object is to lend and obtain credit. It is upon the faith of the credit so loaned that the paper is taken. And hence, " the principle is a general one, that a person making or indorsing a note, or drawing, accepting or indorsing a bill, or becoming liable in any way on negotiable paper, for

6. —— accommodation guarantor.

the benefit of another person, is liable to a third person, even with notice of the want of consideration, but is not to the person for whose benefit the paper was signed." 2 Par. N. & B. 27. And see *Thompson* v. *Shepherd* (12 Met. 311), where the indorsee, who took the note for value after it had been dishonored, was allowed to recover against the maker, although he knew that as between the maker and the first indorser it was an accommodation note. *Violet* v. *Patton*, 5 Cranch, 142; *Bank of Rutland* v. *Buck*, 5 Wend. 66; also *Washington Bank* v. *Krum*, 15 Iowa, 53; *Hunt* v. *Collins*, 4 id. 56.

In our opinion the court did not err in giving the instructions of which appellant complains. And having thus examined the several errors assigned, we are brought to the conclusion that the judgment below should stand

Affirmed.