B. P. ESLEY AND WILLIAM MORTIMER v. THE PEOPLE OF THE STATE OF ILLINOIS.

1. PROMISSORY NOTE, *What Maker of Admits.* Where a person executed a promissory note for value received, he thereby admits, *prima facie*, that the payee thereof has the power to take the note, and to sue thereon when the same becomes due.

2. SISTER STATE, *Power of; Treatment of by Courts of Kansas.* A sister state has the power to take a promissory note, executed to itself, in Kansas, for money due to it, and to sue thereon, when the note becomes due, and to employ an attorney at law of Kansas to attend to the suit in Kansas; and such sister state will be treated by the courts of Kansas as a corporation organized under the laws of such sister state.

3. ATTORNEY AT LAW; *Presumption.* Where an attorney at law makes an appearance in a court to prosecute or defend a party, it will be presumed, in the absence of anything to the contrary, that he has full right, power and authority to make such appearance.

*Error from Harvey District Court.*

ACTION brought before a justice of the peace of Harvey county, Kansas, by the defendant in error, against the plaintiffs in error. The bill of particulars filed is in the words and figures following, to wit:

(*Court, and Title.*) The plaintiff, by its attorneys, Nichols & Greene, complains of defendants, and says that at Newton, Kansas, January 8, 1877, defendants executed and delivered to plaintiff their note, in writing, of that date, and thereby promised to pay plaintiff or order, on or before October 1, 1877, $202.11, with interest at 10 per cent. Plaintiff further says, that a copy of said note, with all indorsements thereon, is hereto attached, marked "Exhibit A," and made a part hereof; and that said note has not been paid, nor any part thereof. Wherefore, plaintiff prays for judgment against said defendants for the sum of $202.11, with interest at 10 per cent. from January 8, 1877, and costs.

NICHOLS & GREENE,<br>
*For Plaintiff.*

EXHIBIT A.

$202.11.          NEWTON, KANSAS, Jan. 8, 1877.

October 1st, after date, we promise to pay to the order of the people of the state of Illinois, at the office of Nichols &

Greene, Newton, Kansas, two hundred and two and $\frac{11}{100}$ dollars, with 10 per cent. interest per annum from date until paid, value received, with attorneys' fees, if collected by law.

B. P. ESLEY.

WILLIAM MORTIMER.

G. W. ARNOLD.

SAMUEL AIKEN.

At the trial the defendants questioned the right and authority of Nichols & Greene to appear as attorneys for the plaintiff, and the court required them to show by what authority they so appeared; and thereupon one of said attorneys testified that they appeared for said plaintiff upon the direction and authority of Mr. Brock, state's attorney for Mercer county, Illinois, in the first place, and under the same direction and authority of Brock's successor, whose name he did not remember. Whereupon defendants objected to their appearing, which objection was overruled. Then the defendants moved that the plaintiff be required to make its bill of particulars more definite and certain, by stating whether it was a state government, corporation, or copartnership, and if a corporation, to state what kind; which motion was overruled, and exceptions duly saved. Then the defendants demurred to said bill of particulars, stating as grounds therefor — first, that the plaintiff has not legal capacity to sue beyond its territorial limits, or in the state of Kansas, or in this court; and second, that the bill of particulars does not state facts sufficient to constitute a cause of action in favor of plaintiff and against defendants, which was overruled, and exceptions duly taken. Thereupon the plaintiff below introduced the note in evidence, and the defendants introduced a witness; and the court, upon the pleadings and evidence, gave judgment in favor of the plaintiff over the objections of the defendants. To reverse said judgment, the defendants filed their petition in error in the district court of Harvey county, which court, after duly hearing the same, affirmed the decision and judgment of the justice's court. The defendants, *Esley* and *Mortimer*, have brought the case here.

*Bowman & Holmes,* for plaintiffs in error.

*A. L. Greene,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: We think the bill of particulars in this case is amply sufficient. (*Brenner v. Weaver,* 1 Kas. 488.) But the plaintiffs in error, who were defendants in the justice's court, ask: "Who, or what are 'the people of the state of Illinois?'" They were certainly the payees of the note which the plaintiffs in error—defendants in the justice's court—executed; and the defendants ought to know who such payees are. The defendants admitted, by executing said note to the plaintiffs, that they, the plaintiffs, had the power to contract and be contracted with, and to contract and be contracted with in Kansas, and at "Newton, Kansas." And they also admitted that the plaintiffs had the power to receive and own and hold a promissory note, and that they could give an equivalent therefor; for the defendants expressly admitted in the note that they, the defendants, had "value received" for executing the note. And parties that can do all that is admitted the plaintiffs could do, can presumably sue on their note. The defendants, by executing said note, admitted, *prima facie* at least, that the payees thereof could sue on it. The defendants in the justice's court claimed that the plaintiffs were "The State of Illinois," and the plaintiffs seemed to admit it; and the case was tried upon that theory, and as though the plaintiffs were "The State of Illinois." But we can hardly see that it could make any difference whether they were "The State of Illinois," or some county, or corporation, or copartnership in such state. In any event they could take a promissory note in Kansas for money due them; and in any event they could sue on the note in Kansas when it became due; and in any event, so far as the laws of Kansas are concerned, they could employ attorneys at law, of Kansas, to attend to their suit in Kansas. If the state of Illinois should

take a promissory note in Kansas for money due to it, and should afterward sue on the note in Kansas, it would be treated by the courts of Kansas as though it were a corporation existing under the laws of the state of Illinois.

This action was prosecuted for the plaintiffs in the justice's court, by Nichols & Greene, attorneys at law, of the state of Kansas. This the defendants claim was wrong. They claim that Nichols & Greene had no right or power to appear for the plaintiffs. Now presumably, they had such right and power. Where an attorney at law appears in court to prosecute or defend for a party, it will always be presumed, in the absence of anything to the contrary, that he had full right, power and authority to do so. And in this case it was not shown that the attorneys appearing for the plaintiffs did not have the right and the power and the authority to so appear for them. On the contrary, the possession of said note by the attorneys, and the evidence of one of such attorneys, pretty clearly showed that they did have ample authority to appear for the plaintiffs.

The judgment of the court below will be affirmed.

All the Justices concurring.