L. O. RUDDLE, Bespondent, v. S. II. HORINE, Appellant.

St. Louis Court of Appeals, March 5, 1889.

1.   Set-Off: PARTNERSHIP DEBT.   A defendant may set-off, against an individual demand sued on by the plaintiff, an indebtedness held by him against a partnership firm of which the plaintiff is a member.

2.   Set-Off: RES JUDICATA : ENTIRE CONTRACT.   The plaintiff became indebted to the defendant on a series of purchases made during one or more months, but nothing appeared in the record to show whether these purchases were made under one entire contract, or under several distinct and separate contracts.   Pending the present suit, the defendant sued upon and obtained a judgment against the plaintiff for a part of the said indebtedness, leaving the remainder unlitigated and unpaid, which remainder was pleaded as a set-off in the present suit.   *Held:*   If the plaintiff's indebtedness to the defendant arose under one entire contract, the matter of set-off was *res judicata*, and could not be entertained in this proceeding.   But the burden of proof was on the plaintiff to establish this fact, and there could be no presumptions in his favor, since the agreed statement tended to show that he was, at the institution of this suit, justly indebted to the defendant in a sum greater than that claimed by him in the present proceeding.

*Appeal from the Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

REVERSED AND REMANDED.

*F. S. Heffernan*, for the appellant.

In an action by a surviving partner for individual claim, the debt may be set-off by a demand against the firm. Waterman on Set-off, p. 262 ; see note, sec. 228. If any two or more persons are mutually indebted in any manner whatever, and one of them commences an action against the other, one debt may be set-off against the other although such debts are of a different nature. R. S. 3867, 3552, 3521, 3522 ; *McAdow v. Ross*, 53 Mo. 199, 203–206 ; *Jarman, Adm'r, v. Benton*, 79 Mo. 148–161 ; *Armstrong v. McKelvey*, 6 Cent. Rep. [N. Y.] 198–201. Equity follows the law on the subject of set-off, unless special circumstances exist to justify the interposition of courts of equity for protection of the rights of the parties. 2 Story, Eq. Jur. 1437, 1438 ; *Jordan v. Bank*, 74 N. Y. 473 ; *Jennings v. Webster*, 8 Paige, 503 ; *Mills v. Lumkin*, 1 Ga. 511, 44 Am. Dec. 677 ; *Lindsay v. Jackson*, 2 Paige, 581 ; *Smith v. Felton*, 43 N. Y. 419 ; *Coffin v. McLean*, 80 N. Y. 560. Set-offs and recoupments stand upon the same footing. *Hay v. Short*, 49 Mo. 139–142 ; *Fulkerson v. Davenport*. 70 Mo. 541. Where an insolvent plaintiff is suing, equitable relief is granted in a set-off to protect the defendant. *Field v. Oliver*, 43 Mo. 200 ; *Fulkerson v. Davenport*, 70 Mo. 541 ; *Rubey v. Watson*, 22 Mo. App. 428 ; *Barnes v. McMullins*, 78 Mo. 260–271 ; *Johnson v. Hall*, 84 Mo. 210 ; *Mills v. Rosenbaum*, 1 West. [Ind.] 142 ; *Repply v. Repply*, 46 Mo. 571 ; 35 Mo. 447.

*W. E. Bowden*, for the respondent.

The law of set-off does not permit Horine to set-off his account against plaintiff's demand in this case. *Finney v. Turner*, 10 Mo. 207. Plaintiff in error undertook to split up his cause of action and sue upon the two parcels separately. He seeks to use a part of his account

against Ruddle Bros. as a set-off in this action ; the remainder he reduced to judgment before the hearing of this cause below.    A book account is an entire, indivisible demand, and cann ot be split up and sued upon in parcels.    If judgment be taken upon a portion of an indivisible demand, such judgment operates as a bar to further suit upon such claim, whether the judgment was rendered prior or subsequent to the institution of suit or judgment on the remaining portion of the demand. *Wickersham v. Wheden*, 33 Mo. 561 ; *Guernsey v. Carver*, 8 Wendell, 492 ; *Bendernagle v. Cocks*, 19 Wendell, 207 ; *Hughes v. Investment Co.*, 26 Fed. Rep. 831 ; *Baird v. United States*, 96 U. S. 430 ; *Secor v. Sturgis*, 16 N. Y. 548 ; *Church v. Brown*, 54 Barb. 191 ; *Williams v. Iron Co.*, 30 Mo. App. 662 ; *Warren v. Cummings*, 6 Cushing [Mass.] 103 ; *Mfg. Co. v. Colgate*, 12 Ohio State, 344.

BIGGS, J., delivered the opini on of the court.

Plaintiff on the ninth day of January, 1885, instituted suit before a justice of the peace against defendant, for one hundred and twenty-three and thirty-one hundredths dollars, money collected by defendant and belonging to plaintiff, and which defendant refused to pay after demand.    Defendant filed a set-off against plaintiff's demand, amounting to one hundred and forty and seventy-six hundredths dollars, being amount of an account due from Ruddle Bros., a firm formerly composed of L. O. Ruddle, E. A. Ruddle, deceased, and Thomas Ruddle.    The set-off was a book account against said firm in favor of defendant, and was for goods sold and delivered from November 1, to November 27, 1881. There was a judgment before the justice for plaintiff for the full amount of his claim and defendant appealed the case to the circuit court.    In the circuit court plaintiff assigned two reasons why the set-off filed by defendant should be disallowed. (1) Because the

individual debt of plaintiff could not be set-off by a partnership claim due defendant from Ruddle Bros. (2) That after the institution of this suit, to-wit, March 9, 1885, defendant brought suit before a justice of the peace against plaintiff on same cause of action, and recovered judgment thereon for forty-five dollars. There was a judgment for plaintiff for the full amount sued for, the circuit court holding both reasons valid for the disallowance of defendant's set-off. The case was tried on an agreed statement of facts. At the conclusion of the trial, the court on motion of plaintiff gave instructions declaring as a matter of law, that although plaintiff was a member of the firm of Ruddle Bros., and that said firm was justly indebted to defendant for goods sold to amount claimed by defendant, in his set-off, yet plaintiff's individual demand against defendant could not be set-off by a debt due from plaintiff's firm to defendant. We don't think this was a proper declaration of law. Our statute (section 3876) provides: "If any two or more persons are mutually indebted in any manner whatsoever, and one of them commence an action against the other, one debt may be set-off against the other although such debts are of a different nature." In construing this statute, the supreme court in *Austin v. Freeland*, 8 Mo. 309, said: "If we will give the statute of set-off such a construction as will prevent the payment of one man's debt, with the debt of another, without his consent, the law will be satisfied."

Under this rule, if Horine, the defendant in this case, owed Ruddle Bros., and was sued on the demand, he could not set off such claim with a demand due him from L. O. Ruddle individually, because in doing so, he would take a debt due the firm and with it pay the individual debt of one member of the firm, without the consent of the other members to whom it belonged. This would be taking one man's property without his consent, to pay the debt of another. But this case as

presented is quite different. When defendant is sued by L. O. Ruddle on an individual claim, and defendant offers to set-off this demand with a debt due him from plaintiff's firm, by so doing defendant does not violate the rule as stated. The debt, which defendant proposes to use as an off-set, was in the law the individual debt of plaintiff. Defendant could have maintained an action thereon against plaintiff alone, because, under our statute, a partnership debt is joint and several. This would establish a mutuality of indebtedness which is all that our statute requires. *Cowden v. Elliot*, 2 Mo. 60. In Barbour on Set-off, p. 103, the author says : " In action by surviving partner for his separate debt, the defendant may set-off a debt due him on the partnership account, for he might sue plaintiff for such debt." In Lindley, Partnership, ( 2 Ed.) p. 295, it is asserted : " That when a joint promissory note is made by partners, and one partner sues the payee on an individual demand, the defendant can set-off the note." The rule seems to be that if defendant can maintain a suit on his set-off against the plaintiff individually, then the demands are mutual within the meaning of the statute regulating set-offs. This is not in conflict with the case of *Turner v. Turner*, 10 Mo. 207, cited and relied on by plaintiff 's counsel. The nature of the set-offs in that case were entirely different from the set-off in this case. Our conclusion is that the trial court committed error in deciding this branch of the case against defendant. *Mortland v. Holton*, 44 Mo. 62.

But because of this error it does not necessarily follow that the judgment must be reversed. If the second reason, assigned by plaintiff why defendant's set-off should not be allowed, is sustained by the evidence, then it would constitute a good and sufficient reason, and would fully justify the court in disregarding defendant's set-off. It is a well-settled principle of law and one that is fully sustained by the authorities cited

by plaintiff's counsel in his brief, that an *entire* claim on a contract or a wrong done cannot be divided or split up, and made the subject of several suits ; and if two suits are brought on such a claim, the first suit brought may be pleaded in abatement to the other, or if judgment is rendered in the second writ, this judgment may be pleaded in bar, to the further prosecution of the first suit. *Farrington v. Payne*, 15 John. 432 ; *Miller v. Covert*, 1 Wend. 487; *Guernsey v. Carver*, 8 Wend. 492 ; *Bendernagle v. Cocks*, 19 Wend. 207 ; *Secor v. Sturgis*, 16 N. Y. 548.

But this rule of law is applicable only to demands that are *single* and *entire*, and cannot be made to govern, when the demand or demands arise out of different acts and contracts. To determine to which class a given case belongs, very often presents some difficulty. In case of *Secor v. Sturgis*, *supra*, the court in discussing this subject said : "Perhaps as simple and safe a test as the subject admits of, by which to determine whether a case belongs to one class or the other, is by inquiring whether it rests upon one, or several acts or agreements." * * * "When there is an account for goods sold or labor performed, where money has been lent to, or paid for the use of a party at different times, or several items of claim spring in any way from contract, whether one only, or separate rights of action exist, will, in each case, depend upon whether the case is covered by one or by separate contracts. The several items may have their origin in one contract, as on an agreement to sell and deliver goods or perform work, or advance money ; and usually in case of running accounts, it may be fairly implied that it is in pursuance of an agreement that an account may be opened and continued either for a definite period, or at the pleasure of one or both of the parties. But there must be either an express contract or the circumstances must be such, as to raise an implied contract, embracing all the items, to

make them when they arise at different times, a single or entire demand or cause of action."

Applying the principles of law to the case at bar let us determine to which class the defendant's set-off belongs. By the agreed statement of facts it appears that defendant, in 1881, was a wholesale liquor dealer, and that Ruddle Bros., at that time, were in the saloon business. That Ruddle Bros. were indebted to defendant for goods sold and delivered at divers times between November 1, and December 20, 1881, in the sum of one hundred and eighty-six dollars. That in 1881, Ruddle Bros. failed in business leaving defendant's debt unpaid. That since the failure one of the members died insolvent, and that plaintiff and the other member of the firm are both insolvent. That the demand of defendant against said firm was an open book account. That in January, 1885, defendant presented that portion of his debt against said firm contracted between November 1, and November 27, 1881, as an off-set against plaintiff's claim in this suit. The off-set so presented amounted to $149.76. This left an indebtedness still due the defendant from said firm of something near forty-five dollars, on which defendant in March, 1885, brought suit against plaintiff before a justice of the peace, and recovered a judgment against him for forty-five dollars, which he has been unable to collect. Plaintiff pleads this judgment in bar of the allowance of defendant's set-off. There is nothing in the agreed statement of facts showing whether the goods sold by defendant to Ruddle Bros. were sold under one single contract or several different contracts. For aught that appears, the remainder of the indebtedness, for which a judgment was obtained by defendant, might have been incurred under a different and distinct contract from that under which the other goods were purchased. It appears that the goods were purchased on different

days, but were entered in a running account. The burden of proof was on plaintiff to show that all of the goods were purchased under one contract and that the indebtedness constituted but one demand. We will not indulge in any presumptions in plaintiff's favor on this issue, because the reason urged for the rejection of defendant's set-off is devoid of any equity. It stands admitted that plaintiff justly owes defendant more than the claim he holds against defendant, and if plaintiff is to escape the payment of a just and legal debt, and at the same time compel defendant to pay him, he must bring his case strictly within the rule.

The only construction, that we can put on the agreed statement of facts is that defendant's counter-claim, at the time of the institution of this suit, was a subsisting demand, held by defendant against plaintiff's firm. But as the statement is somewhat blind on this question and in order that no injustice may be done, we will reverse the judgment and remand the case, with directions to the circuit court to enter judgment for Horine for the difference between plaintiff's demand and his counter-claim ; provided, it is a conceded fact that defendant's claim was due and unpaid at the time this suit was instituted. If that is a disputed fact, then that issue *alone* is to be tried and judgment entered either for plaintiff or defendant, according to the finding of this issue. It is proper, in this case to remark, that where a case is tried on an agreed statement of facts, the judgment thereon is a mere conclusion of law. Instructions in such a case are useless and have no office to perform. Judgment reversed and cause remanded. All concur.