King v. Bellamy.

---

ALBERT E. KING, *Appellant*, v. EMMA E. BELLAMY *et al.*, *Appellees.*

No. 16,482.

SYLLABUS BY THE COURT.

1. TITLE AND OWNERSHIP—*Negotiable Paper Indorsed in Blank —Erasure of Previous Indorsements*. The holder of negotiable paper indorsed in blank is *prima facie* the owner thereof, and the mere erasure of previous indorsements does not detroy this presumption.

2. ——— *Same*. In an action to recover judgment upon a promissory note and to foreclose a mortgage given to secure the payment of such note the mortgage when offered in evidence was indorsed in blank by the payee, but there had been a previous assignment thereon by the payee, which was erased by red lines drawn through it. The court excluded the mortgage unless the plaintiff would first explain the erasure, which he was unable to do, and for want of such evidence his case was dismissed. *Held*, error.

Appeal from Haskell district court; WILLIAM H. THOMPSON, judge. Opinion filed April 9, 1910. Reversed.

*Thomas A. Scates*, and *Albert Watkins*, for the appellant.

*O. H. Foster, Fred J. Evans*, and *Edgar Foster*, for the appellees.

The opinion of the court was delivered by

Graves, J.: This action was commenced by the appellant in the district court of Haskell county to recover judgment on a note and to foreclose a mortgage given to secure payment of the note. The Central Loan and Investment Company was the original mortgagee. The appellees now own the land mortgaged. The appellant claims to be the owner and holder of the note and mortgage. The note was assigned in blank. The mortgage appears to have been assigned to Aretta M. Johnson in writing indorsed upon the back of the mortgage and executed by the payee. This assignment was erased by lines drawn with red ink through it. The assignment, however, clearly appears and can be easily read. Afterward it was indorsed in blank by the original payee. The appellant upon the trial offered the note and mortgage in evidence. The mortgage was excluded for the reason that the appellant was unable to explain the erasure of the assignment on the back thereof and show that he was the owner. The appellant having no further evidence to offer, the case was dismissed at his cost and he comes here by appeal. He claims that the note and mortgage were admissible in evidence without preliminary proof, and possession established *prima facie* his right to recover.

We agree with the appellant. It is a well-established general rule that the possession of negotiable paper proves *prima facie* the ownership of the holder. (*Eggan v. Briggs*, 23 Kan. 710; *Challiss v. Wylie*, 35 Kan. 506; *O'Keeffe v. National Bank*, 49 Kan. 347; *Hutchison v. Myers*, 52 Kan. 290; *Anthony v. Brennan*, 74 Kan. 707; 2 Cyc. 239; 8 Cyc. 227; *Kells v. Northwestern Live-Stock Ins. Co.*, 64 Minn. 390.) In the case of *Finney v. Turner*, 10 Mo. 207, it was said:

"The first point in this case is the one presented by the instructions of the court. Allowing the first proposition of the instruction to be correct, in the abstract,

yet the latter part, in relation to the burden of proof in case of an erased indorsement, is erroneous, and under the circumstances compelled the plaintiff to take a nonsuit. The mere fact of an erased indorsement appearing on the back of the note does not *per se* prove an actual assignment. There may have been no delivery, or the writing may have been the act of a stranger. . . . The only proof offered of an assignment was the production of the note, with an erased indorsement. No circumstances or facts calculated to throw any suspicion upon the instrument appeared, but upon this alone the court gave the instructions complained of. The rule of law is that everything is presumed to be done rightly until the contrary be proved, and therefore this erasure of itself should not have raised a presumption unfavorable to the holder of the note." (Page 209.)

The case of *Jones v. Berryhill,* 25 Iowa, 289, is to the same effect. In that opinion it was said:

"On the trial defendant objected to the introduction of the note in evidence and also of the notarial certificate of protest. It seems that the payee indorsed the note in blank, and that plaintiff, in sending it to New York for collection, wrote over this indorsement the words, 'pay cashier Chemical National Bank or order,' which latter words were erased when the note was offered in evidence. The objection is that this erasure was not explained. And we ask why should it be? So far as defendant was concerned, plaintiff being the holder, and all the time the real owner, had a right to erase these words and insert his own name, even at the time of trial. *Goddard v. Cunningham,* 6 Iowa, 400; *Pilmer v. Branch State Bank of Des Moines,* 19 Iowa, 112." (Page 293.)

The judgment of the district court is reversed, with direction to proceed in accordance with the view herein expressed.