W. W. CASSADY et al., Appellees, v. FRANK W. MOTT et al., Appellants.

VENDOR AND PURCHASER: Modification or Rescission of Contract—
1  Forfeiture—Notice and Service.  In serving a notice of forfeiture
   of a contract of purchase, the *original* of the notice need not be deliv-
   ered to the person whose contract is sought to be forfeited.

VENDOR AND PURCHASER: Modification or Rescission of Contract—
2  Forfeiture—Notice—Sufficient Signing.  Notices of forfeiture of a
   real estate contract are all-sufficient when signed in the name of the
   vendor by his duly authorized attorney.

Headnote 1:  39 Cyc. p. 1384.  Headnote 2:  39 Cyc. p. 1387  (Anno.)

*Appeal from Lee District Court.*—JOHN M. RANKIN, Judge.

FEBRUARY 15, 1927.

Action for forcible entry and detainer, commenced before
a justice of the peace.  A writ of ouster was issued, as prayed,
and defendants appeal.—*Affirmed.*

*Bernard A. Dolan*, for appellants.

*Ralph B. Smith* and *J. S. Burrows*, for appellees.

FAVILLE, J.—Appellants purchased a certain lot 'from the
appellees under written contract, paying a certain amount in
cash, and agreeing to pay the balance in monthly installments.
The failure to pay the monthly installments and the taxes au-
thorized a forfeiture of the contract.  A ninety-day notice was
served upon the appellants.  Subsequently, a thirty-day notice
of forfeiture was served, and following this, in due time, a three-
day notice to quit.  Thereafter, this action was instituted.  The
answer of the appellants admitted the execution of the contract,
and default on their part, and that alleged notices were served
on them, but contended that the notices were defective, and that
the service was improper.

I.  Appellants contend that the notices of forfeiture were
insufficient because the return of service showed that copies of

said notices were served on the appellants, and that the originals
of said notices were not in fact delivered to the
appellants. The return was indorsed upon the
originals. No question is made as to the suffi-
ciency of the substance of the notices. The man-
ner of the service of such a notice is set forth
in the statute, Section 12391, Code of 1924, which is as follows:

1. VENDOR AND
PURCHASER:
modification or
rescission of con-
tract: forfei-
ture: notice
and service.

"Said notice may be served personally or by publication,
on the same conditions and in the same manner as is provided for
the service of original notices, except that when the notice is
served by publication no affidavit therefor shall be required be-
fore publication. Service by publication shall be deemed com-
plete on the day of the last publication."

The manner of service, by the terms of the statute, is to be
the same as that provided by statute for the service of original
notices. The method of service of an original notice is provided
by Section 11060, Code of 1924, and the portion of the same
pertinent to this case is as follows:

"By reading it to the defendant or offering to do so in case
he neglects or refuses to hear it read, and in either case by de-
livering him personally a copy thereof, or, if he refuses to re-
ceive it, offering to do so."

The manner of return of personal service is provided for in
the statute, Section 11061, Code of 1924, and is as follows:

"If served personally, the return must state the time, man-
ner, and place of making the service, and that a copy was de-
livered to defendant, or offered to be delivered. If made by
leaving a copy with the family, it must state at whose house the
same was left, and that it was the usual place of residence of
the defendant, and the township, town, or city in which the
house was situated, the name of the person with whom the same
was left, or a sufficient reason for omitting to do so, and that
such person was over fourteen years of age and was a member of
the family."

The record discloses an exact compliance with the statutes
as to the manner of service and the return. Appellants' con-
tention is that, under Section 12393, Code of 1924, service of no-
tice of forfeiture of a contract for the sale of real estate must be
made by delivery of the original to the party served. Said sec-
tion is as follows:

"If the terms  and conditions as to which there is default are not performed within said thirty days, or ninety days as the case may be, the party serving said notice or causing the same to be served, may file for record in the office of the county recorder a copy of the notice aforesaid with proofs of service attached or indorsed thereon (and, in case of service by publication, his personal affidavit that personal service could not be made within this state), and when so filed and recorded, the said record shall be constructive notice to all parties of the due forfeiture and cancellation of said contract."

A reading of said section makes it perfectly obvious that the same has nothing whatever to do with the manner of the service of the notice of forfeiture, and is wholly consistent with Section 12391, providing for the service of said notice. The statute neither requires that the original of the notice shall be delivered to the defendant nor that the original shall be filed in the office of the county recorder for the purpose of constituting constructive notice of the fact of the forfeiture. Appellants' contention at this point is without merit.

II.  Appellants' further contention is that the notices were insufficient because they purported on their face to have been signed by the attorney for the appellees. The abstract discloses that the notices were signed as follows: "W. W. Cassady and Eola Cassady, by Ralph Smith, their attorney." The evidence in the case discloses that the attorney who signed the notices was the agent and attorney for the appellees at the time, and had been employed as such agent and attorney, and that he prepared all of said notices after such employment. Code Section 12393, supra, does not in terms require that the notice of forfeiture must be signed in person by the parties. Section 10922, Code of 1924, in part is as follows:

2. VENDOR AND PURCHASER: modification or rescission of contract: forfeiture: notice: sufficient signing.

"An attorney and counselor has power:

"1. To execute in the name of his client a bond, or other written instrument, necessary and proper for the prosecution of an action or proceeding about to be or already commenced, or for the prosecution or defense of any right growing out of an action, proceeding, or final judgment rendered therein."

The record brings the case squarely within the provisions of this section of the statute. The uncontradicted evidence shows

that, before any of the notices in question were prepared and served, the attorney had been employed to do the necessary and proper things for the prosecution of a proceeding about to be commenced. It is to be observed, also, that the notices were signed in the name of the appellees, by their attorney. There is no question, under the record, of the authority of the attorney to sign the notices in this manner. As bearing on the question involved, see *Goddard v. Cunningham*, 6 Iowa 400; *In re Estate of Oldfield*, 158 Iowa 98. See, also, *McKay Co. v. Savery House Hotel Co.*, 184 Iowa 260.

We find no merit in any of the matters urged by the appellants, and the order of the district court is—*Affirmed*.

EVANS, C. J., and STEVENS and VERMILION, JJ., concur.