No. 28,641.

W. Rea Heath, *Appellant*, v. Nicholas G. Ficho et al., *Appellees*.

(276 Pac. 61.)

Opinion filed April 6, 1929.

*W. Rea Heath, pro se.*

*Irl H. Byler, John E. Addington* and *Clinton J. Evans,* all of Topeka, for the appellees.

The opinion of the court was delivered by

Marshall, J.: In this action the plaintiff sued to recover on a promissory note in which he was named as payee and to foreclose a chattel mortgage given to secure its payment. The defenses pleaded were that the plaintiff was not the owner or holder of the note, but

that it had been given to Tom Ladenes, who was the owner of it; that the note had been fully paid to Tom Ladenes; and that all that had been done by Tom Ladenes had been authorized by the plaintiff and had been done with the latter's full knowledge and consent. The execution of neither the note nor the mortgage was put in issue. The evidence was submitted to a jury under instructions, a verdict was returned in favor of the defendants, and judgment was rendered thereon in their favor. The plaintiff appeals.

The evidence of the plaintiff tended to prove that the signatures on the note and mortgage were genuine. He introduced the note and mortgage in evidence. The evidence of the defendants tended to prove that, at and prior to the time when the note was given, Nicholas G. Ficho and Tom Ladenes each owned a half interest in a restaurant in Topeka; that Tom Ladenes sold his interest in the restaurant to Thomas Ficho for $2,500, $1,200 of which was paid and the note in controversy in this action for $1,300 was given for the balance; that the name of the plaintiff, W. Rea Heath, was inserted in the note as payee for the convenience of the parties; that Tom Ladenes was the person actually interested in the note and was the owner thereof; that payments were made on the note until the full amount thereof was paid; that at the time the payments were made Tom Ladenes had the note in his possession; that at the time the note was given the plaintiff was not present and did not take any part in the negotiations for the sale of the half interest in the restaurant by Tom Ladenes to Thomas Ficho; and that Nicholas G. Ficho and Thomas Ficho are brothers and Tom Ladenes is their brother-in-law.

In stating the issues to the jury the court said that the execution of the note had been admitted by the defendants and instructed the jury as follows:

"The burden of proof in this case is upon plaintiff. It is for him to prove his cause of action by a preponderance of the evidence. By a preponderance of evidence is simply meant a greater weight of evidence. When you have weighed all the evidence in this case, if you find there is a greater weight on the side of the plaintiff than on that of the defendant, then the plaintiff has proven his cause of action by a preponderance of evidence, and your verdict should be for plaintiff. But if you find the evidence equally balanced, or if you find there is not a greater weight on the side of plaintiff than on that of the defendant, then plaintiff has failed to prove his cause of action by a preponderance of the evidence, and your verdict should be for the defendants. The burden of proof is likewise upon the defendants to prove to your satis-

faction, by a preponderance of the evidence, the affirmative allegations of their answer."

The defendants argue that it was error to give that instruction.

The plaintiff was the payee of the note. He produced it in court. Its execution, and that of the mortgage, was admitted by the pleadings.

In *Williams v. Norton,* 3 Kan. 295, this court declared that—

"There is no necessity for producing a note sued on at the trial, where the execution thereof is by the answer virtually admitted." (Syl. ¶ 3.)

In *Gulf Rld. Co. v. Wilson,* 10 Kan. 105, this court declared the law to be that—

"Where an action is founded on a written instrument, and the petition sets forth the same in full, an answer not verified does not put in issue the execution of such written instrument, and there is no necessity for proving the same on the trial." (Syl. ¶ 2.)

In *Central Branch U. P. R. Co. v. Wilcox,* 14 Kan. 259, 271, this court said:

"The plaintiffs in error did not put their execution in issue by denying their execution by a pleading verified by affidavit, and hence the statements of the petition, alleging their due execution must be taken as true."

In *Esley v. People of Illinois,* 23 Kan. 510, this court said:

"Where a person executed a promissory note for value received, he thereby admits *prima facie* that the payee thereof has the power to take the note, and sue thereon when the same becomes due." (Syl. ¶ 1.)

This court used the following language in *King v. Bellamy,* 82 Kan. 301, 302, 108 Pac. 117:

"It is a well-established general rule that the possession of negotiable paper proves *prima facie* the ownership of the holder."

The execution of the note being admitted, the plaintiff's cause of action was established by the pleadings. The facts alleged in the answer, if true, were matters of defense, and the burden was upon the defendants to prove those defenses by a preponderance of the evidence. Under these circumstances it was error for the court to instruct the jury that "the burden of proof in this case is upon the plaintiff . . . to prove his cause of action by a preponderance of the evidence."

The judgment is reversed and a new trial is directed.