No. 28,641.

W. REA HEATH, *Appellant*, v. NICHOLAS G. FICHO et al., *Appellees*.

(280 Pac. 891.)

Opinion on rehearing filed October 5, 1929. (For original opinion of reversal see *ante,* p. 97, 276 Pac. 61.)

*W. Rea Heath,* of Kansas City, *pro se.*

*Irl H. Byler, John E. Addington* and *Clinton J. Evans,* all of Topeka, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: An opinion was filed in this action on April 6, 1929. (*Heath v. Ficho,* ante, p. 97, 276 Pac. 61.)· After the opinion was filed, the defendants showed to the court that the abstract presented by the plaintiff did not state the pleadings correctly; for that reason, a rehearing was granted. The case has been reargued, and the opinion is again written.

In this action the plaintiff sued to recover on a promissory note signed by Thomas G. Ficho, in which the plaintiff was named as payee, and to foreclose a chattel mortgage given to secure the payment of the note. As against Nicholas G. Ficho, the petition alleged:

"That at the time of the execution of the aforesaid note and mortgage Thomas C. Ficho was then the owner of an undivided one-half interest in the Style Lunch, but that thereafter, on ,or about June 24, 1925, Thos. G. Ficho sold his half interest to his brother, Nicholas Ficho, who assumed and agreed to pay the note."

The answer contained a verified general denial of the allegations of the petition and pleaded that the plaintiff was not the owner nor

the holder of the note; that it had been given to Tom Ladenes; that Tom Ladenes was the owner of it; and that it had been fully paid. The answer also alleged:

"The defendant, Thomas G. Ficho, admits the execution and delivery of a certain promissory note and chattel mortgage, dated on or about the 25th day of March, 1925, for the total sum of thirteen hundred dollars ($1,300), to one Tom Ladenes, and made in the name of W. Rea Heath, for reasons hereinafter set out, but that exhibit A, set up by the plaintiff herein, is not a true and correct copy of the note executed and delivered by said defendant."

The plaintiff testified that he was acquainted with the signatures of the defendants and that the signatures on the note sued on and produced by him were their genuine signatures. The defendants admitted that the signatures to the note were their signatures. The plaintiff introduced the note in evidence.

The evidence of the defendants tended to prove that, at and prior to the time when the note was given, Nicholas G. Ficho and Tom Ladenes each owned a half interest in a restaurant in Topeka; that Tom Ladenes sold his interest in the restaurant to Thomas Ficho for $2,500, $1,200 of which was paid, and the note in controversy in this action for $1,300 was given for the balance; that the name of the plaintiff, W. Rea Heath, was inserted in the note as payee for the convenience of the parties; that Tom Ladenes was the person actually interested in the note and was the owner thereof; that payments were made on the note until the full amount thereof was paid; that at the time the payments were made Tom Ladenes had the note in his possession; that at the time the note was given the plaintiff was not present and did not take any part in the negotiations for the sale of the half interest in the restaurant by Tom Ladenes to Thomas Ficho; and that Nicholas G. Ficho and Thomas Ficho are brothers and Tom Ladenes is their brother-in-law.

In stating the issues to the jury the court said that the execution of the note had been admitted by the defendants, and instructed the jury as follows:

"The burden of proof in this case is upon plaintiff. It is for him to prove his cause of action by a preponderance of the evidence. By a preponderance of evidence is simply meant a greater weight of evidence. When you have weighed all the evidence in this case, if you find there is a greater weight on the side of the plaintiff than on that of the defendant, then the plaintiff has proven his cause of action by a preponderance of evidence, and your verdict should be for plaintiff. But if you find the evidence equally balanced, or if

you find there is not a greater weight on the side of plaintiff than on that of the defendant, then plaintiff has failed to prove his cause of action by a preponderance of the evidence, and your verdict should be for the defendants. The burden of proof is likewise upon the defendants to prove to your satisfaction, by a preponderance of the evidence, the affirmative allegations of their answer."

The plaintiff argues that it was error to give that instruction. The plaintiff was the payee of the note. He produced it in court. Its execution and that of the mortgage was conclusively established by the evidence of both the plaintiff and the defendants.

In *Esley v. People of Illinois*, 23 Kan. 510, this court said:

"Where a person executed a promissory note for value received, he thereby admits *prima facie* that the payee thereof has the power to take the note, and sue thereon when the same becomes due." (Syl. ¶ 1.)

This court used the following language in *King v. Bellamy*, 82 Kan. 301, 302, 108 Pac. 117:

"It is a well-established general rule that the possession of negotiable paper proves *prima facie* the ownership of the holder."

The execution of the note being admitted by the defendants on the trial, the plaintiff's cause of action was established.

The facts alleged in the answer, if true, were matters of defense, and the burden was upon the defendants to prove those defenses by a preponderance of the evidence. Under these circumstances it was error for the court to instruct the jury that "the burden of proof in this case is upon the plaintiff . . . to prove his cause of action by a preponderance of the evidence."

The judgment is reversed, and a new trial is directed.