Mo. River, Fort Scott & Gulf Rld. Co. v. James Wilson, *et al.*

1. Settling Case; *Amendments; Practice.* Upon the settling of a case for the supreme court, under § 548 of the code, (Laws of 1871, ch. 114, § 1,) the court or judge may, at the instance of the party seeking to have the case made, when both parties are present, allow additional matter to be inserted in the case.

2. Written Instruments; *Proof of Execution; Verifying; Pleadings.* Where an action is founded on a written instrument and the petition sets forth the same in full, an answer not verified does not put in issue the execution of such written instrument, and there is no necessity for proving the same on the trial.

3. Amendment; *Leave of Court.* Where an answer is filed within the proper time, but is not verified within the time prescribed for filing the same, it cannot afterwards be verified unless the court permits the same to be done.

4. —— *Papers filed without Leave, to be Disregarded.* An affidavit made four months after the answer is filed, found among the papers of the case not marked "Filed," with nothing to show that it was intended or understood to be a verification of the answer, or that the court permitted such verification, cannot be considered as a verification of the answer.

*Error from Johnson District Court.*

Action brought by *James Wilson* and *Robert Keith* to recover for damages done to certain goods and merchandise while in the possession and custody of the *Railroad Company* as a common carrier. The petition alleged that the defendant (the Railroad Company) "entered into an agreement in writing, subscribed by the defendant by its agent, J. W. Watkins, thereto lawfully and duly authorized." And the petition set out said agreement as follows:

"Mo. Riv., Ft. S. & Gulf Rld., Paola, July 1, 1869.

"Received from S. Hutchinson & Co. as consignors the articles marked, numbered and weighing as follows: Six boxes merchandise marked James Wilson & Co., Leavenworth, Kansas — to be transported over said Railroad to the depot in Kansas City, and there to be delivered to *James Wilson & Co.* or order upon the payment of the charges thereon. And subject to the rules and regulations established by the com-

8—10 kas.

pany, a part of which notice is given on the back hereof. This receipt is not transferable.

"J. W. WATKINS, *Freight Agent.*"

Other facts are stated in the opinion. The case was tried at the April Term 1872 of the district court. There was no appearance at the trial on the part of the *Railroad Company.* Judgment for plaintiffs, and new trial refused, and the *Railroad Company* brings the case here on error.

*Pratt, Rockwell & Ferrey,* for plaintiff in error:

1. The petition counts upon a contract, the execution of which is denied upon oath; without proof of its execution, it was no evidence in law, and no such proof was offered.

2. The petition counted upon a contract in *writing* by which plaintiff in error agreed with the defendants in error to transport certain goods from Paola, Kansas, to Kansas City, Mo., and there deliver the said goods to defendants in error. The proof was not only *oral*, except in one particular, but was that the said goods were to be delivered to defendants in error at Leavenworth, and not Kansas City. In no feature, then, did the evidence sustain the petition, and a demurrer to the evidence would have nonsuited the plaintiffs below.

3. An instrument was read to the jury not counted on, and read *as* the contract declared on,* and necessarily misled the jury. None but legal evidence can go to the jury in the absence of a party; the *law objects*, when a party cannot, being absent; but being present, silence waives objections.

The contract set forth in the petition was denied under oath, and its execution was not proven. It was not the contract of the plaintiff in error, and is worthless for any purpose, or in any feature of the case, as evidence; it has no legal existence; its introduction misled the jury.

4. The issue joined, and case tried, was in *assumpsit.* In such case, whether the defendant be present or absent, the

[* THE contract received in evidence, as shown by the record, was a bill of lading precisely like that set forth in the petition, except that *a blank* appeared therein where the words "James Wilson & Co." appear in the contract as stated in the petition, as the persons to whom the goods were to be delivered at Kansas City.]

plaintiff will not, on appeal, or on error, where the record shows that the proof fails to sustain his case, be permitted to change around and call the action one of *tort*, when an entirely different state of facts is necessary under the issues, and then ask to recover. The nature of the issue in the case at bar is totally different from one in *tort*, and an amendment, even if parties were present, would work injustice, and such is not the object of the statute of amendments; and besides this, the law will not *imply* an agreement when the parties expressly make one.

5. To sustain the issue on their part it was necessary for plaintiffs below to *first* establish the execution of the contract. The whole case turned upon this fact, as presented by the pleadings; failing in one particular material to the case, of course the plaintiffs could not recover. 1 Kas., 303; 5 Kas., 305. A demurrer to the evidence must have been sustained. And if a demurrer to the evidence must have resulted for the plaintiff in error, where is the consistency in now holding that there is a good judgment? The defendants in, error answer, *laches*. Do laches give *rights* to the other party not before possessed? *Laches* waive rights that the guilty party may have had; *laches* may give advantage to the opposite party to enable him to assert his rights; but no *new rights* or privileges grow out of laches. In cases of default for not pleading, all allegations in the petition are confessed, in law; but when an issue is joined, all material allegations must be proved, and proved as laid, at least substantially; and the non-appearance of the defendant in nowise excuses the plaintiffs below from making a *prima facie* case, and one as made by the petition, not another or different. But as to laches, the record shows various reasons why the attorney for plaintiff in error was not present. We call the attention of the court to the *cause* that prevented a full hearing in the court below, to show the good faith in which this petition in error is prosecuted. The record must convince this court that there was a perfect defense to the action of the plaintiffs below, and that it was not made only because the counsel for

the plaintiff in error was misled as to the day of holding court.

*Clough & Wheat*, for defendants in error:

1. The allegation of the execution of the contract, set out in the petition, was to be taken as true, without proof of the execution thereof. Code, § 108; 3 Kas., 295. If plaintiff in error shall claim that the execution of that written instrument was put in issue by the affidavit set forth in the "case made," we request attention to the fact (as we understand the transcript) that there is nothing to show that said affidavit was ever filed, and it appears affirmatively to have been made on the 4th of April, 1871, four months and two days after the answer was filed, as shown by the record.

But even if that affidavit can be considered as a verification, then the written instrument read in evidence is like the one set forth in the petition, except that there is a blank therein where the words "James Wilson & Co." are copied in the petition, after the words "delivered to." The evidence shows that the goods belonged to that firm, and the cause of action for the damages accrued to them, and they could sue therefor. 28 Mo., 181; 1 Kas., 226. There is no question but that the blank in the original instrument could be filled with the names of the owners of the goods, at any time. 1 Parsons on Notes, 33; 7 Blackf., 56; 3 Sneed, 558; 36 Barb., 286; 14 Abbott's Pr., 275; 9 Wallace, 552. And such blank could have been filled at the trial; 8 Kas., 25; 40 Ill., 359; and unless the failure to fill the blank in the original instrument was objected to at the trial, it is not material whether the blank was filled or not; 2 Scammon, 245; 9 Allen, 408; 14 Maine, 101. The record, we submit, fails to show whether this blank in the paper read in evidence was, or was not filled, as that could have been done after, as well as before, it was read in evidence.

2. But even if the blank was not filled, or if there was no authority to fill it, or if the plaintiff in error did not execute the writing, still as it was averred and proven that the goods

damaged were the property of the firm of James Wilson & Co., and that the defendant received them as a common carrier, and failed to deliver them except in a spoiled and damaged condition, as shown by the petition and evidence, a *prima facie* case was made against plaintiff in error for a sum, which with the interest, (recoverable for such injuries,) equals the verdict. Surely plaintiff in error did not fail to become liable as a common carrier to safely transport and properly deliver the goods at some place to the owners thereof, or to their order, (whether it executed the instrument or not;) and as the goods were damaged after the delivery thereof to plaintiff in error, and before delivery thereof to the owners, or to their order, and as nothing was shown to relieve plaintiff in error of the *prima facie* case against it, the jury properly found their verdict. The petition, as we understand it, stated substantially the same cause of action, so far as the obligation and duty of the Railroad Company were concerned, *without* considering the allegations about the written instrument, as is stated *with* those allegations.

3. Of course plaintiff in error cannot be heard to say that either it, or any of its agents, did not know the law in relation to the time when the court was to be held. Ignorance of the law cannot be relied on for such purpose: 2 East., 469; 4 Barn. & Cress., 506; 32 Ind., 374; 41 Ala., 68; 5 Hill, 303; 8 Blackf., 277; 41 Miss., 715; 8 Mo., 679.

4. From the transcript it appears that the words following, to-wit: "The foregoing is all the evidence introduced on the trial of this action," were inserted in the case, by an amendment, made at the instance of the Railroad Company, after the same had been served on the attorneys of the plaintiffs below, and after those attorneys had returned the case. We submit such amendment could not be made; naturally very different amendments would be suggested, with such a clause in a case, than would be without it; and we submit it is not fair practice to permit such a clause to be inserted by the party making the case after a return thereof, as by the making of such amendment it became a substantially different case

from the one served. At least that part thereof so inserted should not be considered by this court, otherwise than to reject the same, because improperly put in the case.

The opinion of the court was delivered by

VALENTINE, J.: The record of this case presents only two exceptions taken to the rulings of the court below: one by the plaintiffs, and the other by the defendants. The exception taken by the defendants (plaintiffs in error,) was an exception to the decision of the court on overruling their motion for a new trial. A motion for a new trial was made on the following grounds, to-wit:

"*First*, Because the attorney for the defendant was accidentally misled as to the time of the commencement of the April Term of this [the district] court, and was surprised that the same commenced on Monday April 1st instead of Wednesday April 3d (1872,) which he supposed to be the correct day as appears by his affidavit herewith filed.

"*Second*, Because the verdict is not sustained by sufficient evidence, and is contrary to law."

The plaintiffs in error have now abandoned the question raised by the first ground of their motion for a new trial; but they still insist that a new trial should have been sustained on the second ground. The only question then in this connection is, whether the verdict is sustained by sufficient evidence. For the only ground upon which it is claimed that the verdict is contrary to law is that it is contrary to the evidence. It therefore becomes necessary that we should examine the evidence. But before we can properly do so, it becomes necessary that we should examine the exception of the plaintiffs below (defendants in error,) for if their exception should be sustained we could not then know whether we had all the evidence or not. The evidence is preserved by what is termed "a case made for the supreme court." (Civil code, §§ 546 to 549, Gen. Stat., 737; ch. 86, Laws of 1870, page 169; ch. 114, Laws of 1871, page 274.) The case so made was properly served upon the plaintiffs, as provided in § 1, ch. 114, Laws of 1871. But when it was served it did

not contain anything that showed that it contained all the
evidence introduced on the trial. When the case was settled
and signed by the court, as provided by said § 1, the following

1. Settling case; words were inserted at the instance of the defend-
amendments. ants, and against the objections of the plaintiffs,
to-wit: "The foregoing is all the evidence introduced on the
trial of this action." These words show that all the evidence
introduced on the trial was inserted in the "case made." The
court allowed them to be inserted, and the plaintiffs who were
present by counsel duly excepted thereto at the time. We
do not think the court erred in this. If the plaintiffs
had suggested any doubts as to whether the new matter
inserted was true or not the court would undoubtedly
at the request of the plaintiffs have extended the time
for making the case. (Civil code, § 549.) And the court
would also undoubtedly have given the plaintiffs the privilege
of suggesting further amendments to the evidence, or to any
part of the case made, if the plaintiffs had so desired it. These
provisions, as well as all other provisions of the code, should
be construed liberally so as to promote justice. (Code, § 2.)
Having now decided the question whether these words were
rightfully inserted or not we again come to the question
whether the evidence sustains the verdict. The petition of
the plaintiffs below sets forth a written instrument, a contract,
as the foundation for their cause of action. The plaintiffs in
error claim that this written instrument was not proved on the
trial, and for this reason alone it is claimed that the verdict

2. Written is not sustained by sufficient evidence. For the
instruments; sake of the argument we shall assume that the
proof of ex-
ecution. written instrument was not proved. The question
then arises, was it necessary to prove it? The petition set
forth this written instrument in full, and alleged its due execu-
tion. The defendants answered to this petition on the 2d of
December 1870, the last day on which they had a right to
answer, by simply filing a general denial. This answer was
not verified in accordance with § 108 of the code, nor was
there any affidavit filed with the answer in accordance with

§ 112 of the code stating the substance of the facts contained in the answer. In fact the answer was · not verified in any form or manner, and therefore the execution of said written instrument was not put in issue, and there was no necessity for proving it. (See §§ 108, 128, of the code; *Reed v. Arnold*, ante, p. 102, and cases there cited.) On the 4th of April 1871, more than four months after the answer had been filed, an officer of the railroad company made an affidavit stating "that he verily believes that said defendant [the railroad company] never executed the written instrument." But there **3. Amendments without leave of court.** is nothing to show that this affidavit was ever filed in the case, or even filed at all; and there is nothing to show that the court ever authorized it to be filed. There is not even anything in the whole case that tends to show that this affidavit was intended as a verification of the answer of the defendants. There is nothing in fact to show what it was intended for. It must therefore be treated as an unauthorized paper, put into the case without warrant. That the court has ample authority to permit a pleading which has been filed without a verification to be afterwards verified, we suppose can scarcely admit of a doubt. But that a party can verify such a pleading after the full time for filing it has elapsed, unless he first obtain the permission of the court, we suppose no one will claim. The verification of such a pleading is a very important and material amendment to the pleading. **4. Papers filed without leave.** Without such verification a pleading attempting to put in issue the execution of a written instrument would be a nullity; with such verification the pleading would be valid, and would throw the burden of proving the written instrument upon the other party. If a party could verify his pleading whenever he choose, and without notice to the other party, he would probably wait until the case was called for trial before he would verify his pleading, and would then put in the verification without notice to the other party. Such practice is contrary alike to reason and to authority. The judgment of the court below is affirmed.

All the Justices concurring.

[A MOTION for a rehearing in this case was made, and upon full argument was denied by the court.]