## A. H. Case *et al.* v. Handford A. Edson.

1. NOTE—*Mortgage—Execution, Taken as True—Foreclosure.* Where a petition is filed to recover a judgment upon certain promissory notes executed by the defendant, and foreclose a mortgage given to secure the same, if the petition alleges the execution of the written mortgage, and also purports to set forth the contents and conditions of the mortgage, although a copy of the mortgage is not filed with the petition, and the answer to the petition is not verified by the affidavit of the defendant, his agent or attorney, and the petition is not attacked by motion, exceptions, or otherwise, before or on the trial, the execution of the mortgage is to be taken by the court as true, and the court, without testimony, may enter judgment upon the notes and foreclose the mortgage, as prayed for in the petition.

11—40 KAS.

2. REPLY, *Treated as Verified.* Where a reply, not verified, is filed by the plaintiff to an answer or cross-petition, containing a copy of a note alleged to have been executed by the plaintiff, and subsequently the plaintiff obtains leave of the court to withdraw the reply and to refile the same, and afterward refiles the reply with a verification, and the court upon the trial, with the knowledge of all the parties, treats and considers the reply as duly verified, *held,* that such reply puts in issue the execution of the written note, set forth in the answer or cross-petition.

### *Error from Shawnee District Court.*

ACTION upon certain promissory notes, and to foreclose a mortgage given to secure their payment. Judgment for plaintiff *Edson,* at the January term, 1887. The defendants, *Case* and wife, bring the case here. The material facts are stated in the opinion.

*A. H. Case,* for plaintiffs in error.

*J. R. Silver,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action brought by Handford A. Edson against A. H. and L. O. Case, to recover on three promissory notes, executed by them, of $400 each, dated June 20, 1884, and bearing interest at 8 per cent. per annum; and also to foreclose a mortgage executed by the same parties upon the same date to secure the payment of the notes. To this petition the defendants filed their unverified answer, with three defenses: 1. A general denial; 2. A plea of payment; 3. A set-off on a promissory note of $610, alleged to have been executed on May 9, 1882, by plaintiff and indorsed to defendants. To which answer the plaintiff filed as a reply, which was unverified, in four paragraphs: First, a general denial of the second paragraph of the answer; second, a general denial of the third paragraph of the answer; third, a special denial of the execution of the note alleged in the third paragraph of the answer or cross-petition; fourth, a special denial of the execution of the indorsements alleged in third paragraph of the answer. On June 11, 1886, on motion of

the plaintiff, the court permitted him to withdraw his reply and refile the same. Thereupon, Edson withdrew his reply, already filed, and without further leave of the court, or the permission of either of defendants, attached thereto his affidavit denying under oath the execution and assignment of the note described in the cross-petition of A. H. and L. O. Case, and then refiled the same on June 11; and when the reply was refiled it had attached to it his affidavit and the following additional indorsements: "and affidavit of plaintiff filed herein in verification of said reply. Filed June 11, 1886.—B. M. CURTIS, *Clerk.*" On October 11, 1886, the case was submitted to the court for trial upon the pleadings only, neither party introducing any testimony. Subsequently, the court rendered judgment in favor of Edson against A. H. and L. O. Case for the amount of the notes sued on, with interest and costs; and also entered a decree of foreclosure of the mortgage and directed the premises to be sold to pay the judgment. To the judgment, exceptions were taken.

It is contended that the plaintiff was not entitled to a foreclosure of the mortgage, because neither the mortgage nor a copy thereof was attached to the petition, nor introduced upon the trial. The allegation in the petition was "that a copy of the mortgage, marked 'Exhibit D,' is herewith filed and made a part hereof." This exhibit does not appear in the record. Although this exhibit is absent, yet as the petition alleged that the defendants, A. H. and L. O. Case, "on the 20th day of June, 1884, did make, execute and deliver to the plaintiff their mortgage," etc., (reciting at length its contents and conditions,) and as the petition was not attacked by motion, exceptions, or otherwise, before or upon the trial, we do not think that the court committed any error in rendering judgment thereon, as the answer did not deny, under oath or by affidavit, the execution of the notes or mortgage. The petition for all purposes, in the absence of any motion or exceptions to it, contained a copy of the substantial parts of the mortgage, and therefore the court was right in treating the

notes and mortgage as true. (Civil Code, §§ 108, 118; *Cole v. Hoeburg*, 36 Kas. 263.)

After the reply was refiled, on October 11, 1886, with the denial of the note set forth in the cross-petition, verified by the affidavit of Edson, no motion was made to strike the reply or the affidavit from the files, and when the case was submitted to the court upon the pleadings without testimony, all of the parties had full knowledge that the reply was verified. The court in trying the case considered the reply verified, and therefore the verification was with its assent, although not actually expressed in writing, nor any part of the written order permitting the reply to be withdrawn and refiled. Of course, a like rule should apply to both parties. The defendants, however, did not deny by affidavit or oath the notes or mortgage sued on; therefore to them there was no defense.

The plaintiff denied by an affidavit, duly verified, the execution of the $610 note set forth in the answer or cross-petition, and as no evidence was introduced in support of its execution, the trial court could not allow the amount of the note as a set-off or otherwise. If the defendants had desired to contest the notes or mortgage sued on, they should have done as Edson did — denied by affidavit the execution of the same. In *Gulf Rld. Co v. Wilson*, 10 Kas. 105, the court did not understand the affidavit to be a verification. In this case, however, the court treated the reply as duly verified.

After Edson refiled his reply, duly verified, then if the note was genuine, defendants should have offered evidence in its support. If the plaintiff never executed the note or consented to its execution, it is immaterial whether the indorsment to the defendants was genuine or not; therefore, if the verification to the indorsement was defective, it is not important.

The judgment of the district court will be affirmed.

All the Justices concurring.