HOME FIRE INSURANCE COMPANY OF OMAHA v. JOHN C. ARTHUR.

48  461
58  641

FILED MAY 19, 1896.    No. 6650.

1. **Recovery for Commissions and Attorney's Fees.** Evidence examined, and *held* to sustain the judgment complained of.

.2. **Pleading: FAILURE TO ATTACH EXHIBIT.** The failure to attach an exhibit, to which reference is made in a pleading, is not of itself ground for a demurrer, provided the matters alleged in such pleadings amount to a cause of action or defense.

3. ———: ———. A pleading in which the only cause of action is for "money due, as per account hereto attached, and marked Exhibit B," but which is accompanied by no exhibit or allegation showing the nature of the alleged indebtedness, fails to state a cause of action.

ERROR from the district court of Thurston county. Tried below before NORRIS, J.

*John F. Talbott*, for plaintiff in error.

*T. M. Franse, contra.*

POST, C. J.

The judgment complained of in this proceeding is the result of two causes, one of which originated before a justice of the peace and the other before the county judge of Thurston county. In the district court, to which one cause had been removed by petition in error, and the other by appeal, they were by consent of parties consolidated for trial. The defendant in error, who was designated as plaintiff in the consolidated action, by his petition claimed the sum of $12.45, being a balance of $7.25 due as commissions upon premiums for insurance written by him while acting as agent for the defendant company, and the further sum of $5.20 for services rendered as an attorney at law. , The answer, which puts in issue the material allegations of the petition, is accompanied by a

counter-claim in the following language: "At the commencement of this action the plaintiff was and now is indebted to this defendant in the sum of $11.55 by account which is here attached and marked Exhibit 'A.' Wherefore it prays judgment," etc. There is, however, no exhibit accompanying the answer, or allegation of any kind indicating the nature of the defendant's claim. Upon a trial of the issues thus joined to the court, a jury being waived by the respective parties, there was a finding and judgment for the plaintiff therein for the full amount of his claim, and which has by means of the petition in error of the defendant company been removed into this court for review.

There is no dispute respecting the amount of insurance written by the defendant in error, the controversy being confined to the rate of commission he is entitled to charge therefor. Evidence was introduced tending to prove that the service for which he claims was rendered under and by virtue of a written agreement, which is made a part of the bill of exceptions. If computed in accordance with the terms of said agreement, his commissions have been paid in full and there is due from him to the plaintiff in error a balance on account of premiums received. On the other hand, he had, according to his own testimony, for reasons not material to this controversy, quit the service of the plaintiff in error under said agreement previous to the time in question, and the insurance claimed for was written by him under a subsequent special agreement. Upon that issue the evidence is conflicting, but sufficient to sustain the finding of the district court. What has been said respecting the charge for commissions applies as well to the claim for service of the defendant in error as an attorney at law in securing judgment in behalf of the plaintiff in error upon a note payable to the order of the latter. It is not disputed that the commissions provided by the agreement mentioned were intended as compensation in full for all service rendered by the defendant in error in making

collection of notes taken by him for premiums; but according to the finding of the district court, which upon the evidence adduced must be accepted as conclusive, the service claimed for was performed in pursuance of a special contract subsequent to the abrogation of the agreement relied upon as a defense.

Exception was taken to the exclusion of evidence in support of the counter-claim above set out. We are, however, unable to say that the court erred in the ruling complained of. The alleged counter-claim stated no cause of action, and the evidence offered was responsive to no issue raised by the pleadings.

We quite agree with counsel for plaintiff in error that the failure to attach an exhibit, to which reference is made in a pleading, is not of itself ground for a demurrer, provided the matters alleged, when liberally construed, constitute a cause of action or defense (*Pefley v. Johnson,* 30 Neb., 529); but in this instance, as will be observed from an inspection of the pleading under consideration, there is no allegation of fact whatever, and by no reasonable construction can it be said to state a cause of action. There is no error in the record and the judgment will be.

AFFIRMED.