The First National Bank of Wellington, Kansas, v. John T. Stewart.

### No. 326.

Practice, District Court—*Action to Quiet Title—Decree for Cancelation of Mortgage.* Issues being joined between a plaintiff, who sought to quiet his title to real property, and a defendant, who set up a mortgage lien against such property, and it it clearly appearing that the debt secured by the mortgage was barred, it was not error to decree a cancelation of the mortgage.

Error from Sumner district court; J. A. Burnette, judge. Opinion filed August 15, 1898. Affirmed.

*Eugene Hagan, W. W. Schwinn,* and *Ivan D. Rogers,* for plaintiff in error.

*James Lawrence,* for defendant in error.

The opinion of the court was delivered by

Milton, J. : This was a statutory action to quiet title to real estate, brought by John T. Stewart against the First National Bank of Wellington, Kansas, in the district court of Sumner county. The decree of the court was in the usual form, quieting the title of the plaintiff to the land, as against the defendant and all persons claiming under the defendant, and enjoining the defendant from setting up or asserting any lien on

or interest in the land or any part thereof by virtue of the mortgage under which it claimed.   The court also ordered the defendant to cancel the mortgage, and that in case the defendant should fail so to do then the register of deeds of Sumner county should make such cancelation.   The record states that by agreement the case was submitted for decision on the petition and answer.   From these it appears that the mortgage and the note, which was payable on demand, were executed more than five years prior to the commencement of this action, which was brought to quiet plaintiff's title as against defendant's mortgage, under the claim that the same was barred.   The mortgage was dated December 8, 1886, and recorded October 15, 1887.   This action was begun on August 26, 1893. Stewart held the fee-simple title and was in possession of the mortgaged premises.   The mortgage had been executed by A. A. Richards and wife, who thereafter conveyed the land to Stewart.   When this conveyance was made Stewart was aware that the note and mortgage were owned and held by defendant below, having been made payable to its cashier.   The mortgagors and the mortgagee have resided in Sumner county continuously since the mortgage was given. No part of the note has ever been paid nor has it been kept alive by written promises to pay.

Counsel for plaintiff in error contend that the trial court erred in granting equitable relief to plaintiff below without requiring him to do equity ; that is, to pay the debt secured by the mortgage as a condition precedent to the cancelation thereof.   We think counsel are mistaken as to the character of this action.   It was evidently brought under section 594 of the code (Gen. Stat. 1889, ¶ 4697, Gen. Stat. 1897, ch. 96, § 1). In its answer the defendant referred to the mortgage,

Railroad Co. v. Lee.

which was made an exhibit to plaintiff's petition, and asserted its right to maintain a lien on the real estate therein mentioned to secure the payment of the debt evidenced by the note. The defendant also asked for a "decree declaring and adjudging its mortgage to be a valid and subsisting lien on all of said real estate, prior and superior to any right or title to said real estate which the plaintiff may have or claim to have, and that the plaintiff's right and title to said real estate, if any he have, is subject to said mortgage and the lien thereof." As from both the petition and the answer it appeared that the note and mortgage were barred at the time this action was commenced, it was proper for the trial court to quiet the plaintiff's title as against the purported lien of the mortgage. While it was not necessary, to make the decree effectual, that an actual cancelation of the mortgage on the record should be made, it cannot be held that the court committed reversible error in making the order.

The judgment of the district court is affirmed.