MATTIE ELIZABETH ELLIOTT, WILLIAM ELLIOTT AND JOHN ELLIOTT v. THE MISSOURI PACIFIC RAILWAY COMPANY.

**No. 437.**

1. CASE-MADE—*Filing of Motion for New Trial.* Where the record recites a trial and verdict on February 27, at the January term, 1895, and that "thereafter in due time, to wit, 28th day of February, 1895, a motion for new trial" was filed, it affirmatively appears that the motion was filed at the same term of court at which the case was tried and verdict rendered.

2. ——— *Settlement—Amendments.* On the settling of a case-made the court or trial judge may, at the instance of the party seeking to have the same settled, when both parties are present, allow additional matters to be inserted.

3. PRACTICE, DISTRICT COURT—*Incompetent Testimony.* Where, during the examination of a witness, a party moves to strike out all of the witness's testimony, and some portions of the testimony are competent, it is not error for the trial court to overrule the motion.

4. RAILROADS—*Fire—Measure of Damages.* An alleged erroneous instruction examined, and *held*, that it correctly informed the jury as to the measure of damages under the issues.

Error from Atchison district court; W. D. WEBB, judge. Opinion filed December 15, 1898. Affirmed.

*J. T. Allensworth*, for plaintiffs in error.

*Waggener, Horton & Orr*, for defendant in error.

---

* Petition for order to certify denied by supreme court February 11, 1899.—REP.

The opinion of the court was delivered by

McELROY, J.: This action was brought by the plaintiffs in error to recover damages for loss by fire alleged to have been caused by a locomotive in the operation of the defendant's railroad. The plaintiffs were tenants in possession of the northeast quarter of section 4, township 6, range 29, in Atchison county, under a written lease for the term of one year from March 1, 1894. The itemized statement of loss set out in plaintiffs' petition is as follows:

| | |
|---|---:|
| Thirty acres meadow totally destroyed which would have produced two tons per acre, at $7 per ton................ | $420 00 |
| Eight and one-third acres meadow which would have produced two tons per acre, one-half total loss, at $7 per ton, $60 — all of said hay then standing and growing upon the aforesaid land.................................... | 60 00 |
| Total........................................... | $480 00 |

The answer of defendant contained: (1) A general denial; (2) an allegation that at the date of the alleged damage the locomotive which it is alleged set the fire was equipped with a proper spark-arrester, with the latest approved appliances for the prevention of the escape of sparks and fire therefrom; (3) allegations of contributory negligence. The plaintiffs, for a reply, filed a general denial. A trial was had before the court and a jury, which resulted in a verdict and judgment for the defendant. The plaintiffs filed their motion for a new trial, which was overruled, and present the case to this court for review.

The first question presented for the consideration of the court arises on the defendant's motion to dismiss this proceeding for the reason that the motion for a new trial was not filed at the same term of court at which the case was tried and verdict rendered. There is no merit in this contention. The record shows that a trial was had and verdict rendered at the January

term, on February 27, 1895. "And thereafter in due time, to wit, the 28th day of February, 1895, the plaintiffs filed their motion for a new trial." Such record affirmatively shows that the motion for a new trial was filed at the same term of court at which the case was tried and verdict rendered.

We are also asked to dismiss the proceedings for the reason that the case-made does not affirmatively show that it contains all the evidence offered on the hearing of the motion for a new trial. The case-made was prepared and served within the time allowed by the court. After the expiration of the time fixed by the court to make and serve a case-made and to suggest amendments thereto, when the parties appeared for the purpose of having the case-made settled, the court, at the request of the plaintiffs, inserted the following amendment: "The above and foregoing is all the evidence offered or received on the hearing of said motion for a new trial." It is insisted by the defendant in error that the court had no authority to permit this amendment to the case-made after the expiration of the time allowed within which to make and serve a case-made and to suggest amendments thereto. Defendant in error, in support of this contention, relies on *Mutual Ins. Co. v. Sackett*, 5 Kan. App. 665, 48 Pac. 994. The only question presented to the court in that case was as to the sufficiency of the certificate to the case-made. Much of the opinion consists of a discussion of the question as to the privileges and duties of the trial judge concerning amendments to a case-made, but the question of amendments to the case-made was not presented to the court for its determination, and the question for determination arose only on the sufficiency of the certificate of the trial judge.

13—8 KAN. APP.

In *Eddy v. Weaver*, 37 Kan. 548, 15 Pac. 492, it was contended that the case-made did not purport to contain all of the evidence introduced on the trial, and therefore it could not be known whether the findings of fact were sustained by sufficient evidence or not. The case-made did not purport to contain all of the evidence, but the trial judge, at the time of settling and signing it, as a part of his certificate thereto certified "that the case-made contains all the testimony offered or received on the trial." So that the real question determined by the court in that case was that the statement that the case-made contains all of the testimony offered or received on the trial should be inserted in the case-made itself and not in the certificate of the judge. There was no question presented as to the power of the trial judge to permit amendments to the case-made at the time of settling the same.

The only case in which the question under consideration has been determined by our supreme court is in *Gulf Rld. Co. v. Wilson*, 10 Kan. 105. The first paragraph of the syllabus reads :

"Upon the settling of a case for the supreme court, under section 548 of the code (Laws of 1871, ch. 114, § 1), the court or judge may, at the instance of the party seeking to have the case made, when both parties are present, allow additional matters to be inserted in the case."

In the opinion, the court said :

"The case so made was properly served upon the plaintiffs, as provided in section 1, chapter 114, Laws of 1871. But when it was served it did not contain anything that showed that it contained all of the evidence introduced on the trial. When the case was settled and signed by the court, as provided by said section 1, the following words were inserted at the instance of the de-

Elliott v. Railway Co.

fendants, and against the objections of the plaintiffs, to wit : ' The foregoing is all the evidence introduced on the trial of this action.' These words show that all of the evidence introduced on the trial was inserted in the ' case-made.' The court allowed them to be inserted, and the plaintiffs, who were present by counsel, duly excepted thereto at the time. We do not think the court erred in this. If the plaintiffs had suggested any doubts as to whether the new matter inserted was true, or not, the court would undoubtedly, at the request of the plaintiffs, have extended the time for making the case. ( Civil Code, § 549.) And the court would also undoubtedly have given the plaintiffs the privilege of suggesting further amendments to the evidence, or to any part of the case-made, if the plaintiffs had so desired it. These provisions, as well as all other provisions of the code, should be construed liberally so as to promote justice.''

We conclude that the trial court committed no error in permitting the amendment of which complaint is made. The motion to dismiss is overruled.

The plaintiffs in error, for a reversal of the judgment, rely first on the contention that the court erred in refusing to strike out all the testimony of the witness Martin. Martin testified that he was an employee of the defendant railway company as an inspector, inspecting netting and ash-pans ; that on the morning of the day on which the fire occurred he inspected the engine alleged to have caused the fire ; that it was in good condition and was a large, extension-front, Baldwin engine, and that the spark-arrester and ash-pans of the engine were in good condition. Witness made a written report of his inspection and had a memorandum of the report in his hand from which he refreshed his memory. Much of the witness's testimony was given without any objection being interposed. During the examination of the witness plaintiffs moved to strike out all his testimony. This motion was overruled,

after which the plaintiffs further examined him, and no other motion was made to strike out his testimony or any part thereof. From an examination of the testimony, we are of the opinion that some of it was incompetent; however, the motion as made was properly overruled.

It is next contended that the court erred in instructing the jury as follows:

" The plaintiffs' interest in said land was that of tenants for the season of 1894. The plaintiffs, therefore, cannot recover for any injury to the land itself except so far as it may have affected the value of the use of the land for the term for which they had leased or rented it; and if you find for the plaintiffs, the measure of their recovery will be the difference between the rental value of the land immediately before and immediately after the injury complained of, from March 1, 1894, to March 1, 1895, not exceeding the sum of $480, the amount claimed in the petition."

This instruction correctly states the measure of damages under the issues.

It is earnestly contended that a new trial should be awarded on account of the misconduct of the jury and of the prevailing party. There is no competent evidence in the record of misconduct on the part of any of the jurors or of the prevailing party. There were no errors of law occurring at the trial or misconduct proved for which a new trial should be granted. The motion for a new trial was properly overruled.

The judgment is affirmed.

WELLS, J., concurring.

MAHAN, P. J. (dissenting to the conclusion announced in the third paragraph of the syllabus): The testimony of the witness Martin was incompetent, and ought to have been stricken out on the motion of plaintiffs.