FIRST NATIONAL BANK OF CHADRON, APPELLEE, V.
    GEORGE ENGELBERCHT ET AL., IMPLEADED WITH
    WILLIAM K. MILLER, APPELLANT.

FILED JUNE 8, 1899. No. 8444.

1. **Pleadings:** COPIES OF INSTRUMENTS. To "set out" means to recite or state in full.

2. **Ruling on Motion:** REVIEW. It is not error to deny a motion which is for relief to which the mover is not entitled, as a matter of right, substantially as moved.

3. **Pleading: Copy of Instruments: Practice.** By motion is the proper method to secure the attachment to a petition of a copy of the instrument on which the suit is based.

4. ———: ———: **Demurrer.** That a copy of the instrument, the foundation of the action, is not attached to the petition does not render the pleading open to successful attack by general demurrer, or, on appeal, to the objection that it is insufficient to support a decree, if the statement of facts discloses a cause of action.

5. ———: ———. The former opinion, in its general conclusion, the result of which was a reversal of the decree, overruled.

Rehearing of case reported in 57 Neb. 270. *Judgment below affirmed.*

*R. C. Noleman,* for appellant.

*Albert W. Crites, contra.*

Harrison, C. J.

This cause was submitted and decided, the opinion then written being filed December 22, 1898. (57 Neb. 270.) A motion for a rehearing was presented and granted, and the case has been again submitted.

In the petition filed in the action there was pleaded the facts of the execution and delivery of a promissory note to the bank by the appellants, the execution by one of them of a mortgage on certain described real estate as security for the payment of the "same" note, and the conditions of the mortgage were set forth and the default alleged. The statements of the petition were full and direct in the particulars to which we have alluded, but no copy of either the note or mortgage was in the pleading or attached thereto. We stated in the former opinion: "Miller moved the court for an order compelling the bank to attach and file with its petition a copy of the note on which its action was predicated." This was not strictly correct. The motion filed was as follows: "Comes now the defendant W. K. Miller and moves the court to require the plaintiff to make its petition more definite

and specific in this, to-wit, that the plaintiff be required to set out in its petition a copy of the note sued on in said action." This was overruled, and the defendant Miller refused to plead further, and a decree was rendered in favor of the bank. In an appeal that the district court denied the motion which we have quoted is the burden of complaint.

"Set out," in the connection used in the pleadings, meant recite or state in full. (Black's Law Dictionary; Webster's International Dictionary.) Fairly and correctly read and understood, the motion of defendant was that the adverse party be required to recite or state in full in its petition the note in suit. To the relief demanded the party for whom the motion was filed was not entitled. The petitioner could not be required to "set out" the note in his petition. He might have been required to attach a copy to the petition, but not to quote it in terms in said pleading. The motion could not be granted as presented, and it was not error to deny it. (*McDuffy v. Bentley,* 27 Neb. 380; *Fox v. Graves,* 46 Neb. 812; 14 Ency. Pl. & Pr. 120, and note 4.)

It is further urged that the petition is insufficient, in that there is no copy of the note attached to it, and that the court could not, and should not, have rendered a decree based on the pleading. The demand for a copy to be attached to the petition should have been by motion. (*Dorrington v. Meyer,* 8 Neb. 211; *Ryan v. State Bank,* 10 Neb. 524.) The objection that no copy is attached must be by motion. It is not good ground of demurrer. (*Ryan v. State Bank, supra; Cheney v. Straube,* 35 Neb. 521.) There was a sufficient statement of a cause of action in the petition. That no copy of the note was attached did not make the pleading liable to successful attack by general demurrer, nor to objection on appeal to this court that there was not a sufficient statement of a cause of action. (*Home Fire Ins. Co. v. Arthur,* 48 Neb. 461; *McGonnigle v. McGonnigle,* 5 Pa. Sup. Ct. 168, 178; *Case v. Edson,* 40 Kan. 161.)

45

The announcements of rules in the former opinion were correct as abstract propositions, but were, in their applications in the case at bar, predicated upon an incorrect assumption of the scope of the motion. The decision, in its specific conclusions, need not be disturbed. In the general result of the reversal of the decree of the district court, it must be overruled, and the decree

AFFIRMED.