J. B. WATKINS, M. SUMMERFIELD AND J. F. SWITZER
v. JOHN J. LaMAR, CYRUS F. EMERY, H. ELIZA
EMERY, AND B. P. WAGGENER.

### No. 379.*

1. PRACTICE, *District Court—Settlement of Case-made—Amendments*. Where the defeated party in the district court prepares a case-made for review and serves it upon the other party, and such other party consents in writing that "the case-made as prepared may be settled and signed without any additional notice to me, and without me being present," the judge settling the same has no authority, in the absence of the opposing party and without notice to him, to allow an additional material statement to be embodied therein.

2. PRACTICE, *Courts of Appeals—Evidence in Record—Presumption*. Where there is nothing in the record to indicate the continuity of the evidence therein recorded, or that the evidence is all embodied therein, we cannot presume that said record contains all the evidence introduced upon the trial.

3. ACTION TO QUIET TITLE—*Parties Defendant*. Under section 1, chapter 96, General Statutes of 1897 (Gen. Stat. 1899, § 4889), a person in the possession of real estate has a right to a decree quieting his title as to all persons who illegally claim an estate or interest therein adverse to him.

Error from Jewell district court; R. M. PICKLER, judge. Opinion filed October 27, 1900. Affirmed.

*A. C. Mitchell*, for plaintiffs in error.

*B. P. Waggener*, for defendants in error.

The opinion of the court was delivered by

WELLS, J. : The facts over which this controversy arose seem to be about as follows : John J. LaMar, who was the owner of the land described, executed a real-estate coupon bond for $1200 to Henry Dickinson, payable in New York, three years after date, with

*Petition for order to certify allowed by supreme court December 3, 1900. Case pending.—REP.

eight per cent. interest, in semiannual instalments, and bearing date December 1, 1891. He also executed a mortgage upon said land of even date with the bond, acknowledged the same on the 21st day of March, 1892, and on the same day it was duly filed for record. The bond was assigned by Henry Dickinson in blank, and on the 13th day of April, 1892, he assigned the mortgage, in writing, duly acknowledged, to the Farmers' Loan and Trust Company, of New York, trustee for the debenture holders of the J. B. Watkins Land Mortgage Company. This assignment was filed for record on the 23d day of August, 1897. On the 19th day of January, 1898, the Farmers' Loan and Trust Company, as trustee, by its second vice-president, assigned said mortgage and the indebtedness thereby secured to J. B. Watkins, M. Summerfield, and J. F. Switzer, said assignment being acknowledged. The plaintiff's petition in the district court and the exhibit thereto show that this last assignment was filed for record on January 27, 1898, but the evidence, without contradiction, shows said filing to have been made on the 27th day of July, 1898. In June, 1893, John J. LaMar conveyed the property in controversy by deed, duly executed and recorded, to Cyrus F. Emery, and on January 28, 1898, Cyrus F. Emery and wife conveyed it to B. P. Waggener. On the 17th of February, 1898, the plaintiffs in error began this action against the defendants in error for judgment on the note and a foreclosure of the mortgage referred to. The only answering defendant, B. P. Waggener, answered : First, admitting the execution of the bond, note and mortgage sued on, but denying every other allegation not thereinafter expressly admitted ; second, setting up defendant Waggener's chain of title and possession thereunder ; third, alleging that the action was barred by the

statute of limitation; that the defendant LaMar never paid any taxes after the execution of said note, and did not cause the property to be insured, nor pay interest according to the requirements of said mortgage and note, and that by reason thereof the whole sum became due and payable on the 2d day of January, 1892, and that no action was begun thereon for more than five years thereafter; fourth, denying that the plaintiffs are the real parties in interest, and alleging that they took the note and mortgage sued on with knowledge that the same was barred; and fifth, alleging that the mortgage sued on is a cloud upon his title.

This answer was verified. A verified reply was filed, setting up, first, the removal of the defendant LaMar from the state about the 1st day of May, 1892, and inability to make personal service on him in the state; second, that the note and mortgage in controversy were made to pay off a former lien which matured on December 1, 1891, and were dated at that time at the request of the maker, but were in fact executed on March 21, 1892; third, that under the terms of said bond it did not mature until five years after its date, no election having been previously made as provided therein; fourth, denying Waggener's title; and fifth, a general denial.

Upon the issues thus formed the case was tried to the court, and at the conclusion of the plaintiff's evidence a demurrer thereto was sustained. The defendant Waggener then introduced evidence of his title and possession, and judgment was rendered for the defendant Waggener substantially as prayed for, and the case is brought here for review.

The defendant in error B. P. Waggener moves this court to dismiss the petition in error for the reasons:

Watkins v. LaMar.

That the case-made as served, not having been signed by plaintiffs or their counsel, is not a case-made within the contemplation of the statute ; and that the amend-ment allowed by the judge to the case-made after the time for suggesting amendments had expired was unauthorized, and destroys the validity of the case-made. This motion cannot be sustained. There is no law requiring the party making a case-made to sign it. The fact that he served it is sufficient, and the certificate of the judge, attested by the clerk under the seal of the court, is what finally gives it validity as a case-made ; and while the amendment allowed by the judge at the time of settling the case was un-authorized, it does not destroy the validity of the en-tire case-made. It is contended by the plaintiffs in error that said amendment was proper, and that the judge in settling a case-made has the power on his own motion, or at the suggestion of either party and before signing such case-made, to make such altera-tions in the case-made as may be necessary to make it speak the truth. This is true in a limited sense only. The judge must not let the record speak an untruth, and, as held in *Gulf Rld. Co. v. Wilson*, 10 Kan. 105, and in *Elliott v. Railway Co.*, 8 Kan. App. 191, 55 Pac. 490, he has the right, when both parties are present, to allow additional matters to be inserted ; but it has not been held by the supreme court or by this court that a party can serve a case-made upon his opponent and procure his consent that the same as prepared may be settled and signed, and then, in the absence of the other party, and without notice to him, cause an important addition to be made thereto. Such in our opinion would be a very dangerous prece-dent to establish. The motion to dismiss will be over-ruled and the amendment complained of disregarded.

The next question requiring attention is : Does the record show that it contains all of the evidence to which the demurrer was sustained?

After noting the appearance for trial, the record proceeds : "And the following testimony was introduced and proceedings had, to wit : By R. W. Turner, attorney for plaintiff : Now offers in evidence the application. . . ." Other papers were offered, in about the same language, all of which were read to the jury, over the objection of the defendant. After the copy of the last paper offered by the plaintiffs, and without any connecting words, follows, on the next page : "Justice D. Linn called on the part of the plaintiff ; after being duly sworn to testify the truth,. the whole truth, and nothing but the truth, was examined by R. W. Turner, and testified as follows." Then follows his examination by questions and answers, after which another witness was introduced in substantially the same language. The record does not show that either witness was excused, and there was nothing to indicate that their examination was completed ; but at the close of the answer to the last question appears the following : "By R. W. Turner : Plaintiff rests. By B. P. Waggener : We demur to the evidence. By the court : Demurrer sustained as to B. P. Waggener. By R. W. Turner : We except to the ruling of the court." There is nothing in the record of the evidence to indicate the continuity of its several parts, or their relation in point of time to each other, or to the interposition of the demurrer or the action of the court thereon, except that they follow each other therein, and, as it would do no violence to the record to assume that evidence was offered and admitted not copied in the case, we must hold that it does not appear that all of the evidence is contained

therein. But it has been held, in *Merket v. Smith*, 33 Kan. 66 :

"Where an action is tried by the court without a jury, and the defendant interposes a demurrer to the evidence after the plaintiff closes his case, the court cannot weigh conflicting testimony ; and if in such a case the testimony presented in the record supports the plaintiff's cause of action, and it can only be answered by contradictory or conflicting evidence, the supreme court will declare the law upon the testimony presented in the record, although it does not affirmatively appear therein that all of the evidence upon which the district court acted is before it."

We are therefore authorized to examine the evidence appearing in the record, and if it is sufficient to sustain the claim of the plaintiff, then the demurrer should have been overruled.

As stated by the plaintiffs in error, under the petition, in the absence of admissions, it would have been necessary for the plaintiff to prove the following facts : (1) The execution of the note or bond sued on. (2) The execution of the mortgage sought to be foreclosed. (3) The assignment of the mortgage from Henry Dickinson to the Farmers' Loan and Trust Company, of New York. (4) The assignment of the mortgage by the Farmers' Loan and Trust Company to the plaintiffs. Of these the first three are admitted ; the fourth was not expressly admitted, and we think under the pleadings it was denied ; and that was undoubtedly the view of the parties on the trial, as they attempted to prove it, as is shown on pages 48, 49 and 50 of the record.

It is contended by the plaintiffs in error that this evidence having been admitted, the court was not at liberty to disregard it in considering a demurrer to the evidence. In support of this, plaintiffs in error

.efer to some very strong authorities; but as our supreme court, in *Gillett v. Insurance Co.*, 53 Kan. 108, 36 Pac. 52, has decided exactly to the contrary, we can hardly support the contention. The only proof offered of plaintiffs' title to the cause of action was the assignment copied on pages 49 and 50 of the record, and it is contended by the defendants in error that said assignment is void for want of any showing of authority in the assignor to make it. But we shall not consider this question, as under the decision in *Myers v. Wheelock*, 60 Kan. 747, said assignment not having been recorded within six months after its execution, it could not be admitted or considered in evidence. But it is contended by the plaintiff in error that the record is in fault as to the time of the filing of said assignment, and that in fact it was filed on January 27, as is shown by the copy of the mortgage attached to the petition. The correctness of the petition in regard to this assignment was denied under oath, and it had to be proven to entitle plaintiff to judgment; and as there is a long line of decisions of the supreme court holding that the case-made cannot be supplemented or amended, we must hold, for that reason, that there was no legal evidence of such assignment, and the demurrer to the evidence was properly sustained for that reason.

The only other question requiring attention at our hands is, Was defendant Waggener entitled, under the pleadings and the evidence, to a decree quieting his title to the land in controversy? It is contended by the plaintiff in error that no proof of payment of the mortgage was made or authorized by the pleadings, and that, under the familiar rule, "He who seeks equity must do equity," the title could not be quieted. The southern department of the Kansas court of ap-

peals has held (*Bank v. Stewart*, 8 Kan. App. 22, 54 Pac. 16) that, under our statutory provision, a person in possession can have his title quieted as against a mortgage not paid but upon which the statute of limitations has run, and, although we have some doubts of the correctness of this decision, we have concluded to adopt it as the law upon this subject.   The judgment of the district court will be affirmed.

McElroy, J., concurring; Mahan, P. J., dissenting.