## McLAIN v. BLOSSOM NAT. BANK OF BLOSSOM, TEX.

No. 21288.   Opinion Filed Sept 13, 1932.

Williams & Allen, for plaintiff in error.

W. H. Parker, for defendant in error.

KORNEGAY, J.  This is a proceeding in error to review the action of the district court of Atoka county in striking an answer from the files and rendering judgment on the pleadings in favor of the defendant in error and against the plaintiff in error. The action was begun on the 16th day of December, 1929, by the filing of a petition declaring on a promissory note and seeking foreclosure of a chattel mortgage made to secure the same, copies of which are set out, and which are alleged to have been executed by the defendant. There was an averment in the petition that the note had been assigned to the plaintiff by the original payee, J. O. Bates, and there was on the back of the note an indorsement in blank by the payee of the paper. The chattel mortgage is set out in full.

A nonusury affidavit was filed, verified by the cashier of the plaintiff, showing the assignment by the payee, in the usual course of business and before maturity of the note, to the plaintiff. The answer that was filed was very short, and omitting the caption is as follows:

"Comes now J. B. McLain the defendant above named and for answer to the petition of the plaintiff herein denies each and every material allegation contained and demands strict proof."

This answer was not verified. It was followed by a motion to strike and for judgment on the pleadings, based on the fact that the action was upon a note and chattel mortgage, and the answer was a general denial, not verified. No request for leave to verify or amend the answer was made.

The purpose of the action was to foreclose the chattel mortgage by a decree to that effect, and to obtain a personal judgment against the maker of the note. This motion was sustained on the 6th of January, 1930, and judgment rendered after the matter was presented by the parties. The judgment was for the recovery of the amount of the note and for the sale of the chattel property. The party gave bond and brought the case here.

A brief has been filed complaining of the action of the court, and several cases from this court have been cited, and reliance, apparently, is placed by the plaintiff in error upon a statement contained in some of the cases to the effect that a general denial in a case of replevin puts in issue, whether verified or not, the right to possession of the property. This case is not exactly that, however, but there may be some analogy drawn from the decisions. This case also illustrates the difficulties that are encountered by people who are suing upon obligations, and their enforcement. A reference to another Code is here instructive. A marked contrast is shown between the present practice and the practice that was in force in the

Indian Territory prior to statehood, as prescribed by Mansfield's Digest. See chapter 54, Indian Territory Statutes. Section 3260, I. T. Statutes (M. D. 5055), section 3277, I. T. Statutes (M. D. 5072) and section 3279, I. T. Statutes (M. D. 5074), are as follows:

"3260 (M. D. 5055). Every pleading must be subscribed by the party or his attorney, and the complaint, answer and reply must each be verified by the affidavit of the party to the effect that he believes the statements thereof to be true; such verification shall not make other or greater proof necessary on the side of the adverse party."

"3277 (M. D. 5072). Every material allegation of the complaint not specifically controverted by the answer, and every material allegation of new matter in the answer constituting a counterclaim or set-off not specifically controverted by the reply, must, for the purposes of the action, be taken as true. But the allegation of new matter in the answer not relating to a counterclaim or set-off, or of new matter in a reply, is to be deemed controverted by the adverse party as upon a direct denial or avoidance, as the case may require. Allegations of value, or of amount of damage, shall not be considered as true by the failure to controvert them."

"3279 (M. D. 5074). In actions founded upon a note, bond, bill of exchange, mortgage or other written obligation of the defendants, or any of them, the plaintiff may file with his complaint the affidavit of himself, or his agent or attorney, to the effect that affiant verily believes that there is no good and valid defense to said action upon the merits, and that if defense is made thereto it will be made for the purpose of delay merely; whereupon the court shall not allow an answer to be filed in said action, or, if filed, shall strike out the same, unless it be accompanied with an affidavit to the effect that the affiant verily believes that there is a good and valid defense to said action upon the merits thereof. Provided, that such affidavit shall not dispense with any verification required in other cases. And, provided, further, that if such defendant should fail to establish his defense to the merits of said case, the clerk shall tax against him a docket fee for double the amount allowed in other like actions."

These are cited for the purpose of illustrating the difference in the provisions of Codes, enacted for the purpose of reaching an issue for trial.

The question here largely turns upon the meaning of our present statutes on the subject of verification. Section 220, Okla. Stat. 1931, is as follows:

"In all actions, allegations of the execution of written instruments and indorsements thereon, of the existence of a corporation or partnership, or of any appointment of authority, or the correctness of any account duly verified by the affidavit of the party, his agent or attorney, shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney."

Section 227 is as follows:

"In the construction of any pleading, for the purpose of determining its effect, its allegations shall be liberally construed, with a view to substantial justice between the parties."

Section 240 is as follows:

"Every material allegation of the petition, not controverted by the answer, and every material allegation of new matter in the answer, not controverted by the reply, shall, for the purposes of the action, be taken as true; but the allegation of new matter in the reply shall be deemed to be controverted by the adverse party, as upon direct denial or avoidance, as the case may require. A demurrer to a reply shall not be held to admit any of the facts alleged in such reply for any purpose other than to determine the sufficiency thereof. Allegations of value, or of amount of damages, shall not be considered as true, by failure to controvert them; but this shall not apply to the amount claimed in action on contract, express or implied, for the recovery of money only."

Section 206 is as follows:

"The answer shall contain:

"First. A general or specific denial of each material allegation of the petition controverted by the defendant.

"Second. A statement of any new matter constituting a defense, counterclaim, or set-off, or a right to relief concerning the subject of the action, in ordinary and concise language, and without repetition.

"Third. When relief is sought, the nature of the relief to which the defendant supposes himself entitled. The defendant may set forth, in his answer, as many grounds of defense, counterclaim, set-off, and for relief, as he may have, whether they be such as have been heretofore denominated legal, or equitable, or both. Each must be separately stated and numbered, and they must refer, in an intelligible manner, to the causes of action which they are intended to answer."

As we view these sections, the denial in this case set up practically nothing by way of defense. The motion to strike in this case evidently was filed for the purpose of complying with a statement contained in Doughty v. Funk, 24 Okla. 312, 103 P. 634, as to taking advantage of an unverified an-

swer. The nearest analogous case that we find to the case that is here involved is the case of Case v. Edson, 40 Kan. 161, 19 P. 635, the first head-note to which is as follows:

"1. Note—Mortgage—Execution Taken as True—Foreclosure. Where a petition is filed to recover a judgment upon certain promissory notes executed by the defendant, and foreclose mortgage given to secure the same, if the petition alleges the execution of the written mortgage, and also purports to set forth the contents and conditions of the mortgage, although a copy of the mortgage is not filed with the petition, and the answer to the petition is not verified by the affidavit of the defendant, his agent or attorney, and the petition is not attacked by motion, exceptions, or otherwise, before or on the trial, the execution of the mortgage is to be taken by the court as true, and the court, without testimony, may enter judgment upon the notes and foreclose the mortgage, as prayed for in the petition."

We have examined the cases cited on both sides from our own court, and we think that under them, and under the provisions of the statute, in this case no defense was set up, and that the court did not commit error in rendering judgment on the pleadings, as the party owed the debt and made the mortgage to secure it and it was past due, and there was no denial under the statute of the ownership and indorsement of the paper.

The case is accordingly affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. CLARK, V. C. J., not participating.